Seraphine JOHNSON, by her next friend, Mrs. Josie Pearl Johnson, Plaintiff,

v.

ITT–THOMPSON INDUSTRIES, INC., Defendant.

No. WC 7063–K.

United States District Court, N. D. Mississippi, W. D.

March 4, 1971.

Michael H. Cox, Holly Springs, Miss., for plaintiff.

J. Fraser Humphreys, Jr., Memphis, Tenn., for defendant.

## MEMORANDUM OPINION

KEADY, Chief Judge.

This is an action brought by a black resident of Holly Springs, Mississippi, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging that defendant, a corporation, has engaged in racial discrimination in its employment practices at its Holly Springs plant. Plaintiff brings the suit as a class action on behalf of herself and all others similarly situated. Defendant has now moved in the alternative to dismiss the suit, to strike portions of the complaint, to dismiss the class action, or to define and restrict the class. Following argument and briefing, the case is now before the court for decision on defendant's motions.

We begin with a chronology of pertinent events. The complaint alleges that on July 28, 1970, she "called Thompson factory (defendant) and asked if they were hiring anybody. I was told that they were hiring only white people." On August 8 she filed a written charge with the Equal Employment Opportunity Commission (EEOC) incorporating the above allegations. On September 30 plaintiff's counsel made written demand on EEOC for a notice of right to sue in federal district court, which was issued on October 15. On November 8 plaintiff commenced the instant suit, alleging that defendant unlawfully refused to hire her solely on account of her race and that defendant had been and was then engaging in numerous acts of racial discrimination in its employment practices, including assignment of blacks to inferior and less desirable jobs and departments, failure to promote blacks as readily as equally-qualified whites, subjection of black employees to inferior shifts, working conditions and disciplinary measures, and discharge of black employees without good cause solely because of race.

Defendant's first ground for dismissal is that it was not served with a copy of the EEOC charge before suit was filed, and thus never had occasion to attempt to conciliate the dispute with plaintiff as contemplated by the statute creating the EEOC machinery. 42 U.S.C. § 2000e–5(a). Defendant argues that service upon the accused employer of the EEOC charge is a jurisdictional prerequisite to the filing of suit.

Although not precisely in point, a recent Fifth Circuit case is highly persuasive that defendant's position is not well taken.[1] In *Beverly*, the court held that a plaintiff may maintain a Title VII suit in federal court even though EEOC has found that there is no reasonable cause to believe that discrimination occurred. Since the statute does not require any conciliation efforts by EEOC

---

1. Beverly v. Lone Star Lead Construction Co., 437 F.2d 1136 (5 Cir. 1971).

until *after* it has found reasonable cause to believe there was discrimination, the *Beverly* decision indicates that failure of EEOC even to attempt to conciliate is not a jurisdictional bar to maintenance of a Title VII suit in federal court by the aggrieved employee. To the same effect is Dent v. St. Louis-San Francisco Ry. Co., 406 F.2d 399 (5 Cir. 1969), where the court specifically held that conciliation efforts by EEOC are not required as a jurisdictional prerequisite of a Title VII suit.

 Based on *Beverly* and *Dent*, this court would have little hesitation in deciding that it was compelled to rule that service of the EEOC charge on the employer is not a jurisdictional prerequisite. Nevertheless, the Fifth Circuit has indicated in at least one case that the question may not be without difficulty. In Miller v. International Paper Co., 408 F.2d 283 (5 Cir. 1969), the court reiterated its earlier holdings that actual attempts at conciliation by EEOC are not jurisdictional prerequisites for filing of a Title VII suit by the aggrieved employee. The court also stated, however, at p. 291:

> "The union's second contention is that, even assuming that they were named in the EEOC charge, they were never served with a copy of the charge and, therefore, cannot be sued. This argument has much in common with the conciliation-prerequisite theory previously considered. Nevertheless, we have decided not to consider this question" (because of other considerations in the case).

When the identical question was recently presented to Judge Smith of this district, he, too, did not rule on the issue because he found that the employer in that case had actual notice of the matter alleged in the EEOC charge even before the charge was filed and the issue of failure to serve the charge on the employer was thus moot.[2] In spite of the

absence of clear and binding precedent, we are constrained to agree with the courts in *Beverly* and *Dent*, supra, which held that there are only two jurisdictional prerequisites to a Title VII suit: (1) the filing of a charge of discrimination with EEOC within 90 days of the alleged incident of discrimination; and (2) actual filing of suit by plaintiff within 30 days of receipt of a right-to-sue letter from EEOC at the end of the 60-day conciliation period. 42 U.S.C. § 2000e–5(c) (e). Although conciliation is certainly a favored policy of the entire Title VII scheme, it is also well known that EEOC is an understaffed and overworked agency which often is unable within the 60-day limit to assist the parties in seeking a conciliation.[3] Moreover, as the Fifth Circuit stated in *Miller*, supra:

> "The plaintiff is not responsible for the acts or omissions of the Commission. He, and the members of his class, should not be denied judicial relief because of circumstances over which they have no control. The plaintiff exhausted administrative remedies and satisfied the requirements of the Act by filing a complaint with the Commission and awaiting its advice. He is not required to show that the Commission has endeavored to conciliate. To insist that he do so, would require him to pursue an administrative remedy which may be impossible to achieve. If the Commission makes no endeavor to conciliate, the remedy is ineffective and inadequate." *Miller*, supra, at p. 290, quoting from Quarles v. Philip Morris, 271 F.Supp. 842, 846–847 (E.D.Va.1967).

Since it is not necessary to federal jurisdiction that EEOC attempt to conciliate, neither is service of the charge on the employer a jurisdictional requisite. Where, as here, EEOC made no attempt whatsoever to conciliate, there would have been no reason to require service

2. Brown v. Twin-County Electric Power Ass'n, No. GC 6935–S (unreported opinion).

3. See the discussion of this problem in Judge Gewin's opinion in *Miller*, supra, 408 F.2d at pp. 288–289, Note 22.

of the charge on defendant. In the absence of EEOC and its presumed expertise in conciliation, Title VII does not require private negotiations between the parties themselves, although such might take place at any other time just as well as during the 60-day conciliation period. Also, we note that while defendant now complains it was not given a chance to conciliate, it made no attempt to request a reopening of the conciliation proceeding after receiving a copy of the right-to-sue letter; it had a right to do this at any time within 20 days after receipt of the letter.[4] The mere fact that plaintiff's counsel made a premature request for a right-to-sue letter from EEOC is immaterial in the instant case since the letter did not actually issue until after the 60-day conciliation period had elapsed, and there is no showing that the premature request had any effect on EEOC's action or lack of it. For the foregoing reasons, defendant's motion to dismiss because it was not served with the EEOC charge must be denied.

Defendant next moves the court to strike from plaintiff's complaint parts (b) through (g) of ¶ 8, which allege racial discrimination within the plant on the ground that they are immaterial and impertinent because plaintiff, never having been in defendant's Holly Springs plant, has no knowledge or information to support such charges. This argument is effectively rebutted by the Fifth Circuit decision in Carr v. Conoco Plastics, Inc., 295 F.Supp. 1281 (N.D.Miss.1969), aff'd per curiam 423 F.2d 57 (5 Cir. 1970), cert. den. 400 U.S. 951, 91 S.Ct. 241, 27 L.Ed.2d 257 (1971). In that case, the district court held that a prospective employee who alleged racial discrimination in the defendant's refusal to hire him could also bring suit to eradicate all racial discrimination against black employees within the plant. As Judge Smith stated:

"It is foolhardy to say that once plaintiffs have removed racial discriminatory practices at the door, they are required to start anew in order to remove those that exist on the inside. Such a practice would result in a multiplicity of suits and a waste of time and money for all interested parties." Carr, supra, 295 F.Supp. at p. 1289.

In affirming per curiam, the Fifth Circuit characterized the above statements as an excellent exposition of the applicable principles of law and accepted the district court's opinion as its own. Carr, supra, 423 F.2d at p. 58. The rule of the Carr case does not conflict with the recent ruling of the Fifth Circuit in Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5 Cir. 1970), where the Court stated:

"The specific words of the charge need not presage with literary exactitude the judicial proceedings which may follow * * * [I]t is only logical to limit the permissible scope of the civil action to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." (pp. 465–466)

To us this language means that EEOC may investigate, and a federal-court plaintiff may allege, all acts of discrimination broadly and reasonably relevant to the acts alleged in the EEOC charge, and that under the Carr rule the allegations of racial discrimination within defendant's Holly Springs plant are sufficiently relevant to the hiring policy discrimination set out in the charge to enable her to include the matters alleged in ¶ 8(b)–(g) of her complaint. Defendant's motion to strike those portions is, therefore, denied.

The same reasoning applies to defendant's motion to dismiss the class action. Ever since Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5 Cir. 1968), a single Title VII plaintiff has been allowed to seek relief on behalf of the entire class of persons potentially affected by the discriminatory practices which he alleges. Since the Carr case compels us to hold that plaintiff has

standing to assert all of the allegations of the present complaint, we must also hold that she is a proper representative of the entire class, and defendant's motion to dismiss the class action will be denied, subject to the court's discretion under Rule 23(c) (1), F.R.Civ.P., to later reduce or further define the class in light of evidentiary developments. If conflicts of interest should arise between present and prospective employees, these may be resolved by realignment of parties under Rule 23(c) (4), as suggested by the Fifth Circuit in *Carr,* supra.

Accordingly, an order overruling defendant's motions to dismiss the action, to strike portions of the complaint, to dismiss the class action, and to define or restrict the class, shall be entered.