Gloria ZAMBUTO, Plaintiff-Appellant,

v.

AMERICAN TELEPHONE AND TELE-GRAPH COMPANY, a Foreign Corp., Defendant-Appellee.

No. 75–1930.

United States Court of Appeals, Fifth Circuit.

Jan. 10, 1977.

Melvin A. Rubin, Robyn Greene, Miami, Fla., for plaintiff-appellant.

Joseph Z. Fleming, Miami, Fla., for defendant-appellee.

Before COLEMAN, CLARK and TJOFLAT, Circuit Judges.

CLARK, Circuit Judge:

In this Title VII[1] sex discrimination suit by Gloria Zambuto against her employer, American Telephone and Telegraph, (AT&T), the sole appellate issue is whether the suit was timely brought. More aptly, it requires that we decide the effect on these parties of an improper procedure adopted by the Equal Employment Opportunity Commission (EEOC).

The applicable statute, 42 U.S.C. § 2000e–5(f)(1)(1974), provides suit must be commenced by an aggrieved party within 90 days after the Commission gives notice that it has not been able to conciliate and that it will not sue.[2] By regulation the EEOC has added to these statutory requirements the

1. 42 U.S.C. §§ 2000e *et seq.* (1964).

2. The statutory language is:

If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred eighty days from the filing of such charge . . . the Commission has not filed a civil action . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought.

three requirements set out in the margin.[3] Despite this guidance, EEOC officials have utilized a procedure, referred to as the "two-tier letter" approach, which fails to follow the statute or its own regulations. The first of two notice letters informs the aggrieved party that conciliation efforts have been ineffective and, if desired, the party may request a right-to-sue letter from the EEOC. The second letter, which is not sent until such a request is transmitted, contains formal notification of the right to sue as well as a statement that the EEOC will not itself bring suit. The effect of this informal EEOC notification procedure is to allow the aggrieved party to establish the time when the 90-day period for suit commences to run.

After complaints to her superiors were unsatisfactory, Mrs. Zambuto filed charges with the EEOC in 1970 and again in 1972. When EEOC was unable to procure a settlement of the grievances in a manner acceptable to each side, it sent Mrs. Zambuto the following letter on June 24, 1974:

> This is to inform you that [the] above-referenced case has been administratively closed.

> However, we are awaiting the request for issuance of a Right-to-Sue letter from either you or your attorney, as informed would be forthcoming.[4]

A letter was sent by EEOC to Mrs. Zambuto on August 15, 1974, informing her that if she did not request a notice of right-to-sue letter within 5 days, her case would be administratively closed. This letter was never received. On October 2, 1974, Mrs. Zambuto's attorney requested a right-to-sue letter. The traditional "second" letter described above was mailed to Mrs. Zambuto on October 10, 1974, and her suit was commenced December 30, 1974. Thus, though the suit was filed within 90 days of the "second" letter, over 180 days had passed since the initial communication on June 24. The district court found that the "first" letter was sufficient to set the 90-day limitation period running and held the present action was barred.

Various precedents have been cited by each party. Mrs. Zambuto contends either that the practice of sending two letters is valid, referring to *Garner v. E. I. duPont de Nemours*, 538 F.2d 611 (4th Cir. 1976); *Lacy v. Chrysler Corp.*, 533 F.2d 353 (8th Cir. 1976) (en banc), or in the alternative, that the shortcomings of the EEOC in establishing an inappropriate procedure should not be visited upon her. *Taylor v. Pacific Intermountain Exp.*, 394 F.Supp. 72 (N.D.Ill. 1975). Conversely, AT&T refers to *DeMatteis v. Eastman Kodak*, 511 F.2d 306 (2d Cir.), *modified*, 520 F.2d 409 (2d Cir. 1974), which held the two-tier procedure invalid. We note, however, that on rehearing the Second Circuit remanded the *DeMatteis* case to determine if DeMatteis had been misled by the EEOC's procedures, and directed that if he had been, then the invalidity of those actions should not redound to his detriment.

Section 2000e–5(f)(1) states that if the EEOC has not within 180 days[5] from the filing of the charge "filed a civil action

---

**3.** 29 C.F.R. § 1601.25 (1974) requires that the notice also contain:
(1) A copy of the charge.
(2) A copy of the Commission's reasonable cause or no reasonable cause determination as appropriate.
(3) Advice concerning his or her rights to proceed in court under Section 706(f)(1) of Title VII [42 U.S.C. § 2000e–5(f)(1)].

**4.** AT&T introduced an EEOC internal memorandum, also dated June 24, 1974:
Charging party [Mrs. Zambuto] has not accepted the results of the conciliation, and her private attorneys are going to request a "NOTICE OF RIGHT TO SUE" in order to seek a greater amount of redress. It is recommended that a "NOTICE OF RIGHT TO SUE" be included regarding the instant charge.

**5.** This circuit and most others have held that the 180-day period is not to be enforced strictly, considering the insurmountable workload difficulties of the EEOC which prevent resolution of claims in an expeditious manner. *EEOC v. Louisville & N.R.R.*, 505 F.2d 610 (5th Cir. 1974), *cert. denied*, 423 U.S. 824, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975).

. . . *or* the Commission has not entered into a conciliation agreement . . . , the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought" (emphasis supplied). This language has been read to require communication of both the failure of conciliation and the EEOC's decision not to sue in order to indicate clearly that the administrative process has been completed. *E.g., Tuft v. McDonnell Douglas Corp.*, 517 F.2d 1301 (8th Cir. 1975), *cert. denied*, 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641 (1976). A notice which merely informs the aggrieved party that conciliation has failed, may not mean that no suit will be brought. Indeed, the *Tuft* Court noted that when the first letter had been sent to Tufts the EEOC in fact had not made a decision whether it would bring suit. 517 F.2d at 1309. A letter only announcing "no conciliation" would not fulfill the statute's requirement for notice of both inability to conciliate *and* a determination not to sue by EEOC.

The statutory plan is to keep claims fresh. When the aggrieved party knows EEOC has completed its efforts, the time for suit has come and the statute fixes its season as 90 days. This is a protection to the employer and is plainly there for its benefit alone. To the extent that EEOC has adopted a practice which places the commencement of this 90-day period within the claimant's power by bifurcating the statutory notice, it is an invalid procedure which is counter to the plain language of the statute and to the Congressional purpose undergirding it.[6] The EEOC has indicated its approach enables the aggrieved party to have adequate time within which to contact an attorney and make arrangements to commence an action.[7] It also appears plausible that the agency might believe a letter which clearly informs the ag-

grieved party of his right to bring a private action could act as a catalyst to stalled negotiations.[8] However, the relative merits of allowing a claimant more time to prepare for suit than the 90-day period would permit or of prodding negotiated settlements with a split notice is addressed to Congress, not the agency charged with administering the statute. Similarly, the fact that the impetus behind the EEOC's adoption of the two-tier procedure had nothing to do with denying the employer a statutorily conferred right cannot justify a departure from the plain Congressional plan which does in fact deny a benefit conferred.

The present case occurs in a context somewhat different from the standard two-letter approach utilized by the EEOC. The "first" letter dated June 24 did not just state that conciliation had failed. It informed the claimant that her "case ha[d] been administratively closed." This could well be read, without more, to mean that both agency conciliation and litigation possibilities were past. But we need not resolve this question, for there was more. The subsequent paragraph of the same letter stated that the EEOC was awaiting Mrs. Zambuto's request for issuance of a right-to-sue letter. Implicit in this latter statement is the assurance that the 90-day period would not commence until this letter was requested and dispatched. Because this paragraph declared that further administrative action was contemplated by EEOC, it failed to furnish Mrs. Zambuto (or AT&T) with the form of notice required under § 2000e–5(f)(1) to start the 90-day period for filing suit.

Although the statute does not require notice be given the employer, AT&T was sent copies of the letters here. Thus, AT&T got the message of June 24 also. While we do not base our decision upon such assumption, it is altogether plausible

---

**6.** We have been informed by briefs and during oral argument that the EEOC has discarded this procedure.

**7.** See the letter reproduced in *Lacy v. Chrysler Corp.*, 533 F.2d 355.

**8.** *See Garner v. E. I. duPont de Nemours*, 538 F.2d at 615.

that AT&T, as a large employer with commensurate Title VII exposure if not experience, had the understanding that EEOC's issuance of the right-to-sue letter which was still to come would initiate the limitation period.

In the present fact situation, the notice was patently misleading as to the completion of agency action, and neither party is shown to have sought clarification. Although we find the EEOC's practice was erroneous and violative of the statutory right conferred upon the employer, AT&T, justice requires that we follow a course similar to that indicated by the Second Circuit in *DeMatteis* to the extent that we make our ruling prospective only from the date of this decision plus 90 days so that it will first apply to actions brought in this circuit on and after April 11, 1977. *See Chevron Oil Company v. Huson, Part II,* 404 U.S. 97, 105–109, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). Under this reasoning, we will not visit the effects of EEOC's erroneous practice on Mrs. Zambuto who was misled by terminating her right to judicial examination of her employer's conduct. Because we hold the June 24 letter did not start the running of the 90-day limit on filing suit, the trial court was in error in dismissing the action.

REVERSED AND REMANDED.

COLEMAN, Circuit Judge, dissenting.

I respectfully dissent.

The letter written to Mrs. Zambuto on June 24, 1974, read as follows:

"This is to inform you that the above referenced case has been administratively closed.

"However, we are awaiting the request for issuance of a Right-to-Sue letter from either you or your attorney, as informed would be forthcoming."

During the summary judgment process several affidavits were filed, but Mrs. Zambuto did not file any. She never asserted that the letter misled her. She did not assert ignorance concerning the necessity

for a right to sue letter. She made no effort to explain or refute the assertion in the letter that EEOC had been informed that either she or her attorney would request the right to sue letter. I am unable to find any evidentiary basis for the assertion in the closing paragraph of the majority opinion that Mrs. Zambuto was misled.