**Emmett HEATH, Plaintiff,**

v.

**D. H. BALDWIN COMPANY et al., Defendants.**

**No. GC 75–123–S.**

United States District Court,
N. D. Mississippi,
Greenville Division.

April 29, 1977.

---

See also D.C., 447 F.Supp. 505.

Robert E. Buck, McTeer, Walls, Bailey &
Buck, Greenville, Miss., for plaintiff.

Jerome C. Hafter, Lake, Tindall, Hunger & Thackston, Greenville, Miss., for D. H. Baldwin.

Hugo Swan, Fort Smith, Ark., C. R. McRae, Pascagoula, Miss., for National and Local Unions.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Defendant D. H. Baldwin Company (Baldwin) and defendants International Chemical Workers Union (Chemical Workers) and Local 800 of the International Chemical Workers Union (Local 800)[1] have filed motions to dismiss and motions to strike plaintiff's request for punitive damages.[2] Since the issues raised by each motion are essentially identical and since defendants Chemical Workers and Local 800 have adopted Baldwin's memoranda in support of their motions, the court will consider the motions simultaneously.

Plaintiff Emmett Heath (Heath), a former Baldwin employee, charges that defendants have engaged in unlawful employment practices by discriminating against him and other black persons because of their race. Heath alleges these discriminatory practices violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (Title VII) and the Civil Rights Act of 1866, 42 U.S.C. § 1981 (§ 1981), and seeks relief under both statutory provisions. The suit is brought as a class action and Heath asks the court for declaratory and injunctive relief and compensatory and punitive damages.

Heath was employed by Baldwin in February, 1961, and worked there until June 22, 1971, when he was laid-off allegedly for racially related reasons. On January 19, 1972, Heath made out a sworn charge[3] which was filed with the Equal Employment Opportunity Commission (EEOC) on January 21, 1972, 213 days after being laid-off, wherein he charged that his discharge was related to the fact that he is a black person. A copy of the charge was served on Baldwin on January 20, 1972.[4] The EEOC sent a letter dated June 11, 1975, (hereafter referred to as the First Letter) to Heath's attorney, Honorable Robert E. Buck (Buck), informing him that the EEOC had failed in its efforts to conciliate with Baldwin the charge of discriminatory employment practice. Buck received the First Letter on June 16, 1975.[5] Subsequently Buck requested a right-to-sue letter from the EEOC. Responding to that request the EEOC sent Buck a letter dated June 26, 1975, (hereafter referred to as the Second Letter) informing him of Heath's right to file suit in federal district court provided the suit was commenced within 90 days of receipt of the letter. Buck received the Second Letter on June 28, 1975.[6] The complaint was filed on September 23, 1975—99 days after the date of receipt of the First Letter, 87 days after receipt of the Second

1. Plaintiff filed an amended complaint on February 6, 1976, joining Chemical Workers and Local 800 as defendants to the suit.

2. Defendant Baldwin has also filed a motion for a protective order requesting a stay of further discovery until the court has ruled on its motions to dismiss and to strike. Since no discovery has in fact occurred since the filing of the motion and since the court's ruling will render the motion moot, the motion will not be discussed.

3. A copy of the charge is attached to the complaint as Exhibit "A".

4. The date of service on Baldwin is given as January 20, 1972, in the EEOC's "determination letter' which has been submitted to the court. Defendant Baldwin in its rebuttal brief at page 5 approvingly referred to that date as the date of service.

5. A copy of the letter is attached to the complaint as Exhibit "B". Although the receipt-date stamp on the copy of the letter is not clear, defendant Baldwin states at part II–D on page 3 of its motion to dismiss that the letter was received on June 16, 1975, and plaintiff has not challenged that statement.

6. A copy of the letter is attached to the complaint as Exhibit "C". The letter does not bear a receipt-date and the receipt-date is not provided in the amended complaint. Plaintiff's attorney states at page 2 in the reply memorandum in opposition to the motion to dismiss that he received the Second Letter from the EEOC on or about June 28, 1975.

Letter and approximately 4 years and 3 months after the date Baldwin discharged Heath.

### A. MOTION TO DISMISS

Three grounds for dismissal are raised in the motion to dismiss—two of which are aimed at the Title VII claim while the third deals with the claim made under § 1981: (1) the court lacks jurisdiction over the Title VII claim because Heath did not timely file a sworn charge with the EEOC; (2) alternatively, the court lacks jurisdiction over the Title VII claim because Heath failed to begin this action in federal court within the 90-day time period provided by the statute; and (3) the § 1981 claim is time-barred by the applicable 3-year state statute of limitation. Defendants have also moved to dismiss the class allegations of the complaint. The facts and law applicable to each ground for dismissal are discussed below.

1. Motion to Dismiss Title VII Claim Because of Untimely Filing of Charge with the EEOC.

Title VII originally required that a charge of discrimination be filed with the EEOC within 90 days of the occurrence of the unlawful employment practice. 42 U.S.C. § 2000e–5(d) (1970). The Equal Employment Opportunity Act of 1972[7] (hereafter the 1972 Amendments) amended Title VII and extended this period to 180 days. 42 U.S.C. § 2000e–5(e) (Supp. II, 1972). The 1972 Amendments became effective on March 24, 1972, and apply to charges pending on or filed after that date.[8]

Defendants argue that since the timely filing of a charge is a prerequisite to bringing an action in federal district court,[9] Heath's Title VII claim should be dismissed because his charge was filed 213 days after his discharge which is beyond both time periods—the applicable 90-day period as well as the 180-day period established by the 1972 Amendments which defendants claim has no bearing on this question.[10] The facts revealed in the complaint and the filing date of Heath's charge as shown on the copy attached to the complaint appear to warrant sustaining defendants' motions to dismiss the Title VII claim for failure to timely file a charge with the EEOC.

However, Heath claims that the charge attached to the complaint is not the original charge he filed with the EEOC. He points to a charge received by the EEOC on August 11, 1971, (hereafter the August 11

---

**7.** Act of March 24, 1972, Pub.L. No. 92–261, 86 Stat. 103.

**8.** "The amendments made by this Act to section 706 [42 U.S.C. § 2000e–5] of the Civil Rights Act of 1964 shall be applicable with respect to charges pending with the Commission on the date of enactment [March 24, 1972] of this Act and all charges filed thereafter." Equal Employment Opportunity Act of 1972, Pub.L. No. 92–261, § 14, 86 Stat. 113.

**9.** The court notes that in *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 928 (5th Cir. 1975), the court stated that the period for filing charges was not a technical jurisdictional requirement to be strictly applied in every case. Instead, the time period was compared to a statute of limitations subject to equitable modifications and in that case the court held that the time period did not commence until "the facts that would support a charge of discrimination under Title VII were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff." *Id.* at 931.

Since Heath does not claim that he was unaware of the allegedly discriminatory nature of his discharge when it occurred, he cannot and does not rely on *Reeb* to satisfy the requirement that charges be timely filed. *See East v. Romine, Inc.*, 518 F.2d 332, 336 n. 3 (5th Cir. 1975).

**10.** The United States Supreme Court has held that the 180-day provision applies to charges "where the charge was filed with the EEOC prior to March 24, 1972, and alleged a discriminatory occurrence within 180 days of the enactment of the Act". *International Union of Electrical, Radio and Machinery Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 243, 97 S.Ct. 441, 450, 50 L.Ed.2d 427 (1976). (footnote omitted).

Under this test Heath's charge does not come under the 1972 Amendments for purpose of determining whether the charge was timely filed because the alleged discriminatory practice occurred on June 22, 1971, which is not within 180 days of enactment of the 1972 Amendments. To satisfy the filing requirement Heath must show that he filed his charge within the 90-day period.

Charge) which was 50 days after his lay-off on June 22, 1971, and within the 90-day period. To support this claim, Heath has attached to his reply brief a copy of an EEOC "determination letter" wherein the charge's filing date is listed as August 11, 1971. Heath has also submitted to the court an affidavit by Mr. Charles A. Haycraft, Director of the Jackson District Office of the EEOC, wherein Mr. Haycraft states the EEOC received Heath's original charge on August 11, 1971.[11] Copies of the "determination letter" and affidavit were served on defendants but were not filed with the Clerk of the Court. The court will have these documents filed and consider their contents in deciding this question.

Prior to the 1972 Amendments, Title VII provided that a charge be made "in writing under oath", 42 U.S.C. § 2000e–5(a) (1970) [12] and be filed with the EEOC within 90 days of the allegedly discriminatory employment practice, 42 U.S.C. § 2000e–5(d) (1970).[13]

Defendants argue that a charge does not satisfy the requirements of these two subsections unless it has been made in writing under oath *and* timely filed with the EEOC. They contend Heath cannot rely on the August 11 Charge to satisfy the timely filing requirement because he has not shown the charge was made under oath.

During the early stages of Title VII litigation the Fifth Circuit dealt with and rejected the argument now presented by defendants. In *Weeks v. Southern Bell Telephone & Telegraph Co.*, 408 F.2d 228 (5th Cir. 1969) and *Georgia Power Co. v. EEOC*, 412 F.2d 462 (5th Cir. 1969), the court held that a written unsworn charge which is timely filed with the EEOC can be amended after the 90-day period to add a sworn verification to meet the oath requirement of 42 U.S.C. § 2000e–5(a) (1970).[14]

Defendants acknowledge the holding of *Weeks* and *Georgia Power Co.*, but argue

11. The affidavit reads in part:
 We received Emmett Heath's charge of discrimination against Baldwin Piano Company on August 11, 1971, whereupon it was given Charge Number TJA2–0287. Thereafter, the charge was assigned to an investigator who investigated the charge and compiled the facts for review. At this point (May 1, 1973) the case was given a case number, YJA3–361, and then sent to our Decisions Division in Washington, D. C., for a decision. The Decisions Division rendered a Cause decision in this case and returned the file to our Jackson District Office on January 6, 1975. Subsequently, on February 21, 1975, the case was assigned to a conciliator for attempts at conciliation. Prior to the conclusion of a failure of conciliation (June 30, 1975) a right-to-sue letter was issued (June 26, 1975) following a request for the same. As a result of the failure of conciliation, the file was transferred to our Litigation Center for purposes of determining whether the Commission will file a legal action against Respondent. At this date [May 21, 1976] the file is still lodged with our Litigation Center in Atlanta, Georgia.

12. The applicable part of 42 U.S.C. § 2000e–5(a) (1970) reads:
 Whenever it is charged in writing under oath by a person claiming to be aggrieved, . . . that an employer, . . . has engaged in an unlawful employment practice, the Commission shall furnish such employer, . . . with a copy of such charge and

shall make an investigation of such charge . . . . .

13. The applicable part of 42 U.S.C. § 2000e–5(d) (1970) reads:
 A charge under subsection (a) of this section shall be filed within ninety days after the alleged unlawful employment practice occurred, . . . . .

14. In *Weeks*, the plaintiff had timely filed a written unsworn charge with the EEOC. After the 90-day period had passed, the EEOC obtained a sworn charge from plaintiff. The court held that a written unsworn charge which is timely filed and is otherwise valid may be amended after the 90-day period to satisfy the oath requirement of 42 U.S.C. § 2000e–5(a). 408 F.2d at 231.
 In *Georgia Power Co.*, the plaintiff had written a letter to the Regional Director of the EEOC setting forth her complaint of discrimination. The letter was received within the 90-day time period. After the expiration of the 90-day period, a formal sworn charge was obtained. The employer, Georgia Power Company, challenged the adequacy of the charge because the letter was not under oath and the formal sworn charge was not timely filed. Quoting from *Weeks* with approval, the court held that the letter was a valid amendable charge which had been timely submitted to the EEOC. The court found that the formal sworn charge added nothing to the substance of the original letter and therefore concluded that the official sworn charge related back to the filing date of the letter. 412 F.2d at 466–67.

that the legislative history of the 1972 Amendments and the retention of the oath requirement in Title VII after the 1972 Amendments reveal an implicit rejection by Congress of these early decisions. Specifically, defendants point out that the House of Representatives version of the 1972 Amendments contained no oath requirement but that it was later added by a Senate amendment to the House version. The Senate version retaining the oath requirement was adopted by the Conference Committee and incorporated in the 1972 Amendments.[15]

Although the court does not believe under these facts that the question of timely filing of Heath's charge is governed by the 1972 Amendments, assuming that it is, the court finds defendants' argument unconvincing. Defendants cite no testimony, documents or comments from the Congressional proceedings specifically supporting their position that Congress intended to overrule the holdings of *Georgia Power Co.* and *Weeks.* The retention of the oath requirement in the 1972 Amendments, standing alone, is not persuasive because the court in *Georgia Power Co.* and *Weeks* did not waive the requirement that a charge be made under oath; rather the court, recognizing the remedial nature of Title VII, held that a timely filed unsworn charge, valid in all other aspects, may later be

amended to allow the party to add a sworn verification.

The court believes that a recent Title VII decision by the Fifth Circuit dispels any doubts about the vitality of *Weeks* and *Georgia Power Co.* In *Tillman v. City of Boaz,* 548 F.2d 592 (5th Cir. 1977) the plaintiff had sent a letter to the EEOC setting forth her complaint of discrimination against the city. Later when an official charge form was filled out, the plaintiff named only the mayor as respondent and incorporated by reference the letter's contents. The EEOC conducted an investigation against the city and mayor. The district court dismissed the complaint against the city because it had not been named in the official charge. The Fifth Circuit reversed the dismissal because the court found that when the letter and official charge were read together they clearly indicated that the charge was against the city as well as the mayor. The court noted that charges are usually filed by lay persons and should be liberally construed. Although the oath requirement was not directly presented to the court, the court made the following observation about the first letter: "Letters such as the one written by Tillman are sufficient to initiate the process of the EEOC" and cited *Georgia Power Co.* in support of that statement. 548 F.2d at 594 n. 1.[16]

---

**15.** Subsection (a) and (d) of 42 U.S.C. § 2000e–5 (1970) quoted in part in notes 12 and 13, *supra,* were redesignated subsections (b) and (e) respectively by the 1972 Amendments and provide in applicable part:

(b) Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, . . . alleging that an employer, . . . has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer, . . . within ten days, and shall make an investigation thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires. . . .

. . . . .

(e) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (in-

cluding the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, . . . .

**16.** *See EEOC v. United States Fidelity and Guaranty Co.,* 420 F.Supp. 244 (D.Md.1976).

In this case the court specifically rejected respondent's argument that the legislative history of the 1972 Amendments overruled the holding of *Weeks* and *Georgia Power Co.* The court concluded:

In the court's opinion, respondent ascribes too much significance to the language change in the 1972 amendments. There is no evidence in the legislative history that Congress intended to change the results reached by courts interpreting the pre-1972 language.

. . . . .

It is apparent that Congress intended no change in the judicial construction of the oath requirement. To require that all

 The court finds that the August 11 Charge was a valid amendable charge which was timely filed, that the official sworn charge filed on January 21, 1972, adds nothing substantively to the August 11 Charge, and that the sworn charge relates back to the August 11 Charge and amends it by adding the sworn verification.

Defendants also argue that allowing the sworn verification to be added to the August 11 Charge after the expiration of the 90-day period defeats the requirement added by the 1972 Amendments that the EEOC serve an employer with notice that a charge has been filed against it within 10 days of the charge's filing date. 42 U.S.C. § 2000e–5(b), (e) (Supp. II, 1972).

Prior to the 1972 Amendments, Title VII required that an employer be given a copy of the charge, 42 U.S.C. § 2000e–5(a) (1970), (see note 12, *supra*), but it did not prescribe any certain time period for furnishing the charge. In title VII actions brought by a private plaintiff where the EEOC had not given a copy of the charge to the employer, the courts generally refused to penalize a private plaintiff for the EEOC's omissions because such omissions were beyond the private plaintiff's control and held that service of the charge on the employer was not a jurisdictional prerequisite for the private plaintiff's court action. *E. g. Thornton v. East Texas Motor Freight*, 497 F.2d 416, 424 (6th Cir. 1974); *Johnson v. ITT–Thompson Industries, Inc.*, 323 F.Supp. 1258, 1260 (N.D.Miss.1971).

The 1972 Amendments now require the EEOC to serve notice to the employer that a charge has been filed against it within 10 days of the filing date. (see note 15, *supra*.) In this case Baldwin was not notified that a charge had been filed against it until January 20, 1972. Defendants contend that the delay between the filing of the August 11 Charge and the date notice was received effectively defeats the 10-day notice requirement's purpose—to provide prompt notice to the employer in order to protect the employer's due process rights.

 The court is not convinced that the 10-day notice provision of the 1972 Amendments is applicable to the charge involved in this case but assuming its applicability, the court finds in this case that the EEOC's failure to give Baldwin notice within 10 days does not bar Heath's court action. The court notes that one district court, following pre-1972 Amendment cases, has held in a Title VII action brought by a private plaintiff that the EEOC's failure to give notice within 10 days does not preclude the private plaintiff from bringing a court action because the providing of notice is not a jurisdictional prerequisite. *Garvin v. American Life Insurance Co.*, 416 F.Supp. 1087, 1091–92 (D.Del.1976) (citing with approval such pre-1972 Amendment cases as *Thornton v. East Texas Motor Freight*, 497 F.2d 416 (6th Cir. 1974) and *Johnson v. ITT–Thompson Industries, Inc.*, 323 F.Supp. 1258 (N.D.Miss.1971)). Another district court has held in a private plaintiff's Title VII action that the EEOC's failure to give notice to the employer within 10 days does not bar the court action where the employer has suffered no significant prejudice as a result to the delayed notice. *Clark v. Morgan's Austintown Foods, Inc.*, 405 F.Supp. 1008, 1009–10 (N.D.Ohio, 1975).

The court has not found a Title VII action decided by the Fifth Circuit where the court dealt with the question of whether the EEOC's failure to give the employer notice within 10 days precludes a private plaintiff from bringing a court action. However, in *EEOC v. Airguide Corp.*, 539 F.2d 1038 (5th Cir. 1976) the court did deal with the issue in an action brought by the EEOC. In that case, the EEOC alleged that notice of filing had been sent to the employer within 10 days of the charge's filing date but the employer claimed it did not receive the notice and did not learn of

---

charges be sworn to within the 180-day limit would result in cutting off the rights of complainants who were unaware of the oath requirement. As long as the charge is sworn to before the Commission begins its investigation, the purpose of the oath requirement—prevention of harassment of employers—is fulfilled.
420 F.Supp. at 248, 249.

the pending charge until 1 year later. After determining from the evidence that the EEOC had probably mailed the notice within 10 days but that it had apparently been lost in the mail, the lower court held that the employer must receive the notice before the EEOC has satisfied the 10-day notice requirement and dismissed the action.

On appeal the Fifth Circuit examined the purpose of the 10-day notice requirement.

It is reasonable to conclude the Congress did not intend to allow the Commission to decide capriciously or arbitrarily whether or not notice of a charge of discrimination is to be sent to the alleged violator.

. . . . .

But neither do we have reason to think that Congress intended to prevent the Commission from suing because of an unintentional defect in compliance, without a showing that such "non-compliance" has caused prejudice to the defendant-employer. This is especially true where, as here, such non-compliance was actually compliance rendered ineffective by unforeseeable and uncontrollable circumstances.

539 F.2d at 1041.

The court then concluded:

We are unwilling to hold that in the present situation—where there has been virtual compliance with all the statutory procedural steps, and where there has been no clear showing of substantial prejudice to Airguide—there has been a denial of due process sufficient to bar EEOC from bringing suit.

539 F.2d at 1042 (footnote omitted)

The court reversed the dismissal and remanded the case to allow the employer an

opportunity to present any evidence it may have to support its claim that it was prejudiced by the delayed notice.

The defendants have not shown that they were substantially prejudiced by the EEOC's failure to provide them with notice of filing of the August 11 Charge within 10 days of its filing date and therefore the court concludes that the delayed notice given defendants cannot bar Heath's court action.[17]

By applying the "substantial prejudice" test of *Airguide* the court does not decide that the standard applied to the EEOC as plaintiff is necessarily applicable to a private plaintiff.[18] Instead the court decides that even under the test of *Airguide* plaintiff's court action is not barred by the failure of the EEOC to comply with the 10-day notice requirement.

In summary, since the August 11 Charge as amended by the sworn charge meets the oath and timely filing requirements of 42 U.S.C. § 2000e–5(a), (d) (1970) and 42 U.S.C. § 2000e–5(b), (e) (Supp. II, 1972) and since defendants have failed to show they suffered substantial prejudice as a result of the EEOC's failure to comply with the 10-day notice requirement of 42 U.S.C. § 2000e–5(b) (Supp. II, 1972), the court finds that defendants' motions to dismiss the Title VII claim for the failure of Heath to file a timely charge with the EEOC is not well taken and should be denied.

2. Motion to Dismiss Title VII Claim for Failure to Timely Commence Court Action.

The time period within which a party may bring a court action is set forth in 42 U.S.C. § 2000e–5(f)(1) (Supp. II, 1972)[19] which provides in part:

---

**17.** Since the determination of whether a party has been substantially prejudiced is an ad hoc matter, the prudent course for the EEOC to take in cases like this would be to follow the advice given by the Fifth Circuit in an earlier decision under similar circumstances and provide the employer with notice that an unsworn charge has been filed and notify the employer again when a final sworn charge has been

obtained. *See Georgia Power Co. v. EEOC*, 412 F.2d 462, 467 n. 10 (5th Cir. 1969).

**18.** *See EEOC v. United States Fidelity & Guaranty Co.*, 420 F.Supp. 244, 250 (D.Md.1976). (Court suggests that a stricter standard applies to EEOC than to a private plaintiff.)

**19.** Prior to the 1972 Amendments, Title VII provided that a party had 30 days to bring a court action. 42 U.S.C. § 2000e–5(e) (1970).

If a charge filed with the Commission pursuant to subsection (b) of this section, is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . ..

Defendants argue that plaintiff's Title VII claim should be dismissed because the complaint was filed 99 days after receipt of the First Letter which advised plaintiff that the EEOC's conciliation efforts had failed. Plaintiff contends that his suit is timely because the complaint was filed 87 days after receipt of the Second Letter which advised plaintiff of his right to sue. Each side has cited cases from various jurisdictions supporting their respective positions. The court believes that the Fifth Circuit's decision in *Zambuto v. American Telephone & Telegraph Co.*, 544 F.2d 1333 (5th Cir. 1977) is dispositive of this issue.

In *Zambuto* the court dealt with the EEOC's "two tier letter" procedure by which the EEOC sent two different notices to the charging party. The court described the function of each notice:

The first . . . informs the aggrieved party that conciliation efforts have been ineffective and, if desired, the party may request a right-to-sue letter from the EEOC. The second letter, which is not sent until such a request is transmitted, contains formal notification of the right to sue as well as a statement that the EEOC will not itself bring suit.

544 F.2d at 1334.

Mrs. Zambuto's court action was commenced over 180 days after receiving the

first notice but within 90 days of receipt of the second notice.

Comparing the two-tier procedure with the language of 42 U.S.C. § 2000e–5(f)(1) (Supp. II, 1972), the court stated:

This language has been read to require communication of both the failure of conciliation and the EEOC's decision not to sue in order to indicate clearly that the administrative process has been completed. . . . A notice which merely informs the aggrieved party that conciliation has failed, may not mean that no suit will be brought. . . . *A letter only announcing "no conciliation" would not fulfill the statute's requirement for notice of both inability to conciliate and a determination not to sue by EEOC.*

The statutory plan is to keep claims fresh. When the aggrieved party knows EEOC has completed its efforts, the time for suit has come and the statute fixes its season as 90 days. This is a protection to the employer and is plainly there for its benefit alone. To the extent that EEOC has adopted a practice which places the commencement of this 90-day period within the claimant's power by bifurcating the statutory notice, it is an invalid procedure which is counter to the plain language of the statute and to the Congressional purpose undergirding it.

544 F.2d at 1335 (footnote omitted) (emphasis added).

The court made its holding that the two-tier procedure violated the statute prospective and applicable only to actions brought in this circuit after April 11, 1977. Finding that Mrs. Zambuto was misled by the two notices, the court held that the 90-day period began from the date she received the second notice.

■ Mrs. Zambuto's first notice and Heath's First Letter differ in wording and in the information each conveys.[20] One im-

---

Since the court has determined that plaintiff's charge was adequate and thus pending at the time the 1972 Amendments became effective, the court finds that the expanded 90-day time period applies.

**20.** Mrs. Zambuto's letter reads:

This is to inform you that [the] above-referenced case has been administratively closed. However, we are awaiting the request for issuance of a Right-to-Sue letter from either

portant difference is that, unlike Mrs. Zambuto's first notice, Heath's First Letter does not indicate or imply that a right-to-sue letter will be sent at a later date and therefore Heath cannot claim the First Letter misled him to believe that the 90-day period began to run on the day he received the Second Letter.[21] However, like Mrs. Zambuto's first notice, Heath's First Letter does not satisfy the statutory requirements because it does not specifically inform Heath that the EEOC has administratively closed his case. The letter only states that conciliation has failed but this is not sufficient because it does not indicate that the EEOC had decided not to sue.[22] The court finds that the time period began to run on receipt of the Second Letter, and that Heath's complaint was timely filed. The defendants' motion to dismiss Heath's Title VII complaint for failure to timely commence a court action is not well taken and will be denied.

3. Motion to Dismiss § 1981 Claim Because Not Timely Commenced.

■ "Since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981," *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44

L.Ed.2d 295 (1975), the court must look to state law, and "determine first how the state court would categorize the action and then which state limitation period would apply to the action so categorized." *Ingram v. Steven Robert Corp.,* 547 F.2d 1260, 1261 (5th Cir. 1977).

Defendants contend that the 3-year limitation period of *Miss.Code Ann.* § 15–1–29 (1972) applies to this action and that Heath's § 1981 claim is time-barred because the action was begun over 4 years after the alleged discriminatory act occurred.

■ For the reasons set forth by Chief Judge Keady in *Walton v. Utility Products, Inc.,* 424 F.Supp. 1145, 1147, (N.D.Miss.1976) the court finds that the 6-year limitation period of *Miss.Code Ann.* § 15–1–49 (1972) is applicable and therefore Heath's § 1981 claim was timely filed. Defendants' motion to dismiss the § 1981 claim is not well taken and will be denied.

4. Motion to Dismiss Class Action.

Defendants have moved to dismiss the class action allegations of the complaint claiming that Heath cannot adequately represent the class. The court notes that no discovery has occurred while these motions have been pending and the record has not

you or your attorney, as informed would be forthcoming.

544 F.2d at 1334 (footnote omitted)

Heath's First Letter reads:

This letter constitutes the notice required by the Commission's Procedural Regulations (29 CFR 1601.23) which provides as follows: Should a Respondent fail or refuse to confer with the Commission or its representative, or fail or refuse to make a good faith effort to resolve any dispute, the Commission may terminate its efforts to conciliate the dispute. In such event, the Respondent shall be notified promptly, in writing, that such efforts have been unsuccessful and will not be resumed except upon the Respondent's written request within the time specified in such notice.

The Commission has determined that its efforts to conciliate this case have been unsuccessful. No further efforts to conciliate this case will be made unless you request resumption of the conciliation effort, in writing, within five (5) days of your receipt of this Notice.

21. The court notes that Heath's First Letter is confusing in a different way because it contains the notice the EEOC generally sends to a respondent, the *employer*, rather than to an *employee*. The notice is sent after the respondent has failed or refused to participate in conciliation and its purpose is to give "even a recalcitrant respondent one last chance to settle the dispute." *EEOC v. Raymond Metal Products Co.,* 530 F.2d 590, 596 (4th Cir. 1976). Arguably, Heath could have been misled by the notice itself because it is directed to an employer. Since the court finds that the notice provided in the First Letter is not sufficient under the statute, the court will not determine whether Heath was actually misled.

22. The court also notes that Mr. Haycraft states at the conclusion of his affidavit (see note 11, *supra*) that as of May 21, 1976, Heath's file was at the EEOC's Litigation Center implying that a decision not to sue had not been made as of that date.

been developed. The court believes a ruling on the current record would be premature and will therefore allow plaintiff additional time to take discovery and file his motion for class certification.

## B. MOTION TO STRIKE

Pursuant to Fed.R.Civ.P. 12(f) defendants have moved to strike from the complaint plaintiff's request for an award of punitive damages. Defendants contend that Title VII and § 1981 do not authorize an award of punitive damages and that the allegations of the complaint cannot support awarding punitive damages.

■ Although the courts have differed as to whether punitive damages are available under Title VII,[23] this court finds that Heath cannot recover punitive damages under the Title VII claim. *E. g., Pearson v. Western Electric Co.*, 542 F.2d 1150, 1151–53 (10th Cir. 1976); *EEOC v. Detroit Edison Co.*, 515 F.2d 301, 308–10 (6th Cir. 1975). With regard to Heath's § 1981 claim, the court finds that punitive damages may be available. *Johnson v. Railway Express Agency*, 421 U.S. 454, 460, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *see Faraca v. Clements*, 506 F.2d 956, 957 (5th Cir. 1975). Defendants' other allegations are insufficient to support their motion to strike.

An appropriate order will be entered by the court.

---

23. See cases collected in *Presseisen v. Swarthmore College*, 71 F.R.D. 34, 45 n. 12 (E.D. Pa.1976).