556 F.2d 1349
 15 Fair Empl.Prac.Cas. 481, 14 Empl. Prac.
Dec. P 7780
Harvey TURNER, Individually, and on behalf of all others
similarly situated, Plaintiff-Appellant,
v.
TEXAS INSTRUMENTS, INC., Defendant-Appellee.
 No. 75-3829.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 8, 1977.
Rehearing and Rehearing En Banc Denied.
 
 Jim Shawn, III, Timothy E. Kelley, Dallas, Tex., for Harvey Turner.
 Charles S. Hodge, Staff Atty., EEOC, Washington, D. C., amicus curiae.
 Wayne S. Bishop, Edward F. Schiff, Lawrence D. Levien, Charles L. Warren, Washington, D. C., Wilson D. Fargo, Dallas, Tex., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Texas.
 Before WISDOM, GEE and FAY, Circuit Judges.
 GEE, Circuit Judge:
 
 
 1
 In this appeal we confront a situation similar to that described in Zambuto v. American Telephone & Telegraph Co., 544 F.2d 1333 (5th Cir. 1977), in which a litigant faces procedural doom for his discrimination claim because of reliance on statements by the Equal Employment Opportunity Commission. Finding ourselves bound by our decision in Zambuto, we reverse the trial court's dismissal of appellant's Title VII claim.
 
 
 2
 Appellant Harvey Turner is a black male who was employed by Texas Instruments' (TI) Dallas plant for approximately three months in 1969. He was discharged on August 1, 1969, and filed timely charges of racial discrimination with the EEOC. After unsuccessful attempts at conciliation with TI, the EEOC, on March 5, 1974, sent Turner the following letter:
 
 
 3
 Thank you for your courtesy and patience during our processing of your case, identified above.
 
 
 4
 We have been unable to obtain voluntary settlement of your case at this time. Accordingly, we have forwarded your case for further review by the Commission. This process may require a substantial delay.
 
 
 5
 You may request your "right-to-sue" letter from this office at any time, but remember that once it is issued, you will have only ninety (90) days in which to file in Federal Court. If you have any questions, feel free to call me.
 
 
 6
 Seven months later, pursuant to Turner's request, the EEOC provided Turner with a "Notice of Right to Sue." Included with the notice was a cover letter dated October 17, 1974, stating:
 
 
 7
 Enclosed is your NOTICE OF RIGHT TO SUE WITHIN NINETY DAYS which you requested. Also enclosed are a copy of your charge and two pre-addressed post cards. Should you decide to sue, please have the attorney complete and mail the cards as soon as possible.
 
 
 8
 I regret that the Commission has been unable to obtain voluntary compliance with Title VII of the Civil Rights Act of 1964, as amended. DP Please let my office know if you have any questions.
 
 
 9
 Turner filed suit shortly thereafter, on November 8, 1974, 248 days after he received the first letter from the EEOC. He appended a section 1981 claim to his Title VII claim.
 
 
 10
 The district court dismissed Turner's Title VII and section 1981 actions as untimely. Turner appeals the dismissal of his Title VII action; he does not challenge the dismissal of his action under section 1981.
 
 
 11
 We conclude, as TI has conceded, that Zambuto v. American Telephone & Telegraph Co., 544 F.2d 1333 (5th Cir. 1977), controls this case.[1] In Zambuto we recognized that in order to give proper statutory notice the EEOC must communicate both the failure of conciliation and its decision not to sue. 544 F.2d at 1335. Although the March 6 letter indicates that conciliation efforts have failed, it states that the administrative process is continuing. Only when the EEOC has completed its efforts does the time for suit come. Id. at 1335. Here the import of the first letter is that the EEOC will continue its efforts. Only after Turner requested and received a right-to-sue letter did he obtain the required notice that the EEOC would not bring suit and that his case was administratively closed. Turner timely filed his Title VII action after receiving this complete statutory notice. The district court erred in dismissing his Title VII action on this ground.
 
 
 12
 TI suggests, however, that the EEOC procedures in this case violated statutory requirements. TI urges that a proper reading of the notice requirements in section 706(f)(1), 42 U.S.C. § 2000e-5(f)(1) indicates that the Commission is required, 180 days after filing of the charge, to notify the charging party that the Commission has failed to conciliate his claim and has not filed a civil action on his claim. The charging party then must bring suit within 90 days of receipt of that notice.
 
 
 13
 TI bases its interpretation of section 706(f)(1) on the language of the statute and some legislative history. Section 706(f)(1) provides that "if within one hundred and eighty days from the filing of (the) charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved . . . ." (emphasis added). The language appears to require the Commission to issue a 180-day "progress report" to the charging party. The charging party then has 90 days to file his individual action. The Report on the bill which the House submitted may be read to support this reading of the statute. Recognizing that administrative inefficiency might delay the processing of individual claims, the House Report described section 706(f)(1)'s preservation of the private cause of action as providing an individual claimant "a means by which he may be able to escape from the administrative quagmire which occasionally surrounds a case caught in an overload administrative process." H.R.Rep. No. 238, 92d Cong., 2d Sess., reprinted in (1972) U.S.Code Cong. & Admin.News, pp. 2137, 2148. The House Report's approach to the private cause of action suggests a reading of the statutory language requiring the EEOC to give notice after 180 days. But see Occidental Life Ins. Co. v. EEOC, --- U.S. ---- - ----, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977) (suggesting that individual dissatisfied with EEOC progress may elect at any time after 180 days to pursue private action. Nevertheless, our prior decisions have implicitly rejected these arguments: we cannot entertain them without overruling the decision of another panel, an approach not open to us.
 
 
 14
 In Zambuto we recognized that, in view of the EEOC's workload, our circuit has not strictly enforced the 180-day period for completion of the administrative process. 544 F.2d at 1334 n. 5. We also endorsed the Eighth Circuit's view that an individual must bring suit within 90 days only after he has received notice that the administrative process is terminated. Id. at 1335. Although neither of these approaches explicitly rejects TI's theory, counsel conceded at oral argument, and we agree, that the approach taken in Zambuto allowing an individual to delay his private enforcement action until notified that the administrative process is completed impliedly rejects TI's contention.[2]
 
 
 15
 In summary Turner timely filed his Title VII action and is entitled to prosecute it. The first notice sent by the EEOC failed to comply with the requirements necessary to begin the running of the 90-day period. Our prior opinions hold and a recent Supreme Court opinion suggests, see Occidental Life Ins. Co. v. EEOC, supra that the EEOC is not required to send charging parties unsolicited 180-day "progress reports" which initiate the running of the 90-day period during which a charging party must decide whether to file an individual civil action. Turner timely prosecuted his suit after receiving the proper notice in the EEOC's "Notice of Right to Sue" letter. The district court erred in dismissing his action on these procedural grounds.
 
 
 16
 REVERSED and REMANDED.
 
 
 
 [1]
 Zambuto was issued just before oral argument in this case
 
 
 [2]
 Even if we held that the EEOC was required to send notice 180 days from the filing of the charge, that requirement would not change this case. The limitation period in section 706(f)(1) does not begin until adequate notice is sent and received. See Franks v. Bowman Transportation Co., 495 F.2d 398, 404-05 (5th Cir. 1974); Miller v. Int'l Paper Co., 408 F.2d 283, 287 (5th Cir. 1969)