**Teddy NOWELL, Plaintiff,**

v.

**HARRISON, WALKER, & HARPER, L.L.P., Defendant.**

No. 3:99–CV–043.

United States District Court,
E.D. Texas,
Paris Division.

Oct. 8, 1999.

M. Stephen Beard, Pakis Giotes Beard & Page, Waco, TX, for defendant.

Edward Bradbury Cloutman, III, Law Offices of Ed Cloutman, Dallas, TX, for plaintiff.

Michael G. Cosby, Pakis Giotes Beard & Page, Waco, TX, for defendant.

Minor L Helm, Jr., Pakis Giotes Beard & Page, Waco, TX, for defendant.

*ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

SCHELL, District Judge.

This matter is before the court on "Defendant's Motion to Dismiss for Failure to State a Claim Within the Time Permitted by Federal Law" (Dkt.# 6) filed on August 9, 1999. Plaintiff filed a timely response in opposition to the motion on August 30, 1999. By Order dated September 2, 1999, the court informed the parties of its intent to consider matters outside the pleadings in connection with Defendant's motion and to treat the motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[1] Accordingly,

---

1. *See* 09/02/99 Ord. Advising Parties of Court's Intent to Treat Mot. to Dismiss as a     Mot. for Summ. Judgment.

the court gave the parties until September 17, 1999, to submit any desired additional material for the court's consideration. On September 15, 1999, Plaintiff submitted an additional affidavit and other documentary materials in opposition to Defendant's motion. Having carefully considered the parties' written submissions in light of the applicable law and circumstances of this case, the court finds that Defendant's motion should be DENIED for the reasons outlined below.

## I. BACKGROUND

The background facts relevant to the instant motion are as follows. Plaintiff Teddy Nowell filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 10, 1997, claiming that he was sexually harassed by a male supervisor while employed by Defendant Harrison, Walker, & Harper, L.L.P., as a construction worker. Following its investigation, the EEOC issued a notice on September 23, 1998, to inform Plaintiff that his charge was being dismissed and to provide him with a Notice of Right to Sue ("NTRS"). On April 21, 1999, Plaintiff sent a letter to the EEOC inquiring about the status of his case and expressing some concern that neither he nor his designated counsel had heard from the EEOC in many months.[2] In response, the EEOC case manager assigned to Plaintiff's case sent him a copy of the September 23 NTRS together with a handwritten note explaining that Plaintiff may not have received the original NTRS because it was mailed to an old address.[3]

The next day, Plaintiff forwarded the information received to his attorney, Edward Cloutman, who then contacted the EEOC to assure them that neither he nor Plaintiff received notice of the September 23 NTRS until the previous day.[4] Mr. Cloutman's letter expressed surprise that the EEOC sent the NTRS to Plaintiff's old address given that they had previously been informed in writing that information about Plaintiff's case was to be directed to Mr. Cloutman. Mr. Cloutman also provided the EEOC with a copy of a letter sent to them by Plaintiff in October 1997 advising them of his new mailing address. Finally, Mr. Cloutman asked the EEOC to rescind and withdraw the September 23 NTRS and to reissue it once their investigation was completed.

In response to Mr. Cloutman's letter, an EEOC District Enforcement Manager notified the parties by letter dated May 4, 1999, that because the EEOC "inadvertently failed to notify and provide" Plaintiff's counsel with a copy of the original notice, the September 23 NTRS was being rescinded and replaced by a new NTRS.[5] Except for the date of issuance, the May 4 NTRS was identical to the original NTRS.[6] Plaintiff subsequently filed suit in federal court on June 7, 1999, asserting claims of unlawful sexual harassment and retaliation under 42 U.S.C. §§ 2000e et seq. Defendant filed the instant motion to dismiss on August 9, 1999, arguing that Plaintiff's complaint is time-barred because it was not filed within 90 days of the date he should have received the September 23 NTRS and asserting that the EEOC's May 4 NTRS is invalid.

## II. DISCUSSION

### A. *Summary Judgment Standard*

Because the court has considered matters submitted by the parties that are outside the pleadings, Rule 12(b) of the Federal Rules of Civil Procedure requires the court to treat Defendant's motion to

---

2. *See* Plt.'s Resp. to Dft.'s Mot. to Dismiss (hereinafter "Plt.'s Resp.") at Ex. 1; *see also* Affidavit of Teddy Nowell attached to Plt.'s Resp. (hereinafter "Plt.'s Aff.").

3. *See* Plt.'s Resp. at Ex. 2.

4. *See* Affidavit of Edward B. Cloutman, III, (hereinafter "Cloutman Aff.") set forth in Plt.'s Supplemental Affidavit in Opposition to Dft.'s Mot. to Dismiss (hereinafter "Plt.'s Supp.").

5. *See* Plt.'s Supp. at Ex. D.

6. *See id.*

dismiss as one for summary judgment under Rule 56.[7] Pursuant to Rule 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The initial burden is on the moving party to point out the absence of any genuine issue of material fact.[8] Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried.[9] A material fact issue exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[10] In this analysis, the court reviews the facts and evidence and draws all inferences in the light most favorable to the nonmovant.[11]

It is against the backdrop of these familiar standards that the court now turns its attention to the assertion that Plaintiff's complaint is time-barred.

## B. 90–Day Statute of Limitations

■ To maintain a Title VII action, a claimant must first file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice.[12] Additionally, a claimant can initiate legal proceedings only after he receives written notice from the EEOC informing him that its investigation is complete and an NTRS has been issued.[13] Once such notice is received, the claimant must file a private civil action within 90 days or forfeit the right to do so.[14] Importantly, "[t]he ninety-day limitations period ... begins to run only upon receipt by the [claimant] of unambiguous notice that the EEOC has terminated its administrative processing of the charge and has decided not to sue."[15] In other words, the limitations period is not triggered when the EEOC merely dispatches an NTRS, but begins to run when the NTRS is delivered to the claimant or to his formally designated counsel.[16] In short, a claimant must receive actual or constructive notice that the EEOC has completed its efforts before the statutory notification requirement is satisfied.[17]

In this case, Defendant argues that Plaintiff lost the right to invoke this court's jurisdiction by failing to file suit within 90 days of receiving the September 23 NTRS. According to Defendant, Plaintiff must have received a copy of the original NTRS on or about September 25, 1998, because that is the date Defendant received its copy of the notice. Based on that assumption, Plaintiff "would have been required to bring his suit no later than December 23, 1998" to avoid being

---

7. See Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017 (5th Cir.1996) (noting that when considering a motion to dismiss under Rule 12(b) "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint").

8. See International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264 (5th Cir.1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

9. See id.

10. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

11. See Colson v. Grohman, 174 F.3d 498, 506 (5th Cir.1999).

12. See 42 U.S.C. § 2000e–5(e).

13. See 42 U.S.C. § 2000e–5(f)(1).

14. See id.

15. Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 245 (5th Cir.1980).

16. See Irwin v. Veterans Admin., 874 F.2d 1092, 1093 (5th Cir.1989) (quoting Ringgold v. National Maintenance Corp., 796 F.2d 769, 770 (5th Cir.1986)).

17. See Zambuto v. American Telephone and Telegraph Co., 544 F.2d 1333, 1335 (5th Cir. 1977); Tatum v. Community Bank, 866 F.Supp. 988, 994 (E.D.Tex.1994).

barred by the 90–day limitations period.[18] In response, Plaintiff insists that the first notice he received about the issuance of an NTRS in his case came on April 29, 1999, thirty-nine days before he filed suit. He supports this assertion not only with his own affidavit, but also with similar affidavits from his wife and attorney.[19] Additionally, Plaintiff has submitted uncontroverted summary judgment evidence showing (1) that the EEOC was notified on August 18, 1998, that information about his case was to be sent to his designated counsel, and (2) that despite this fact and the fact that the EEOC was also informed in October 1997 that Plaintiff's address had changed, the EEOC mailed the September 23 NTRS to an old, incorrect address.[20]

The only basis Defendant offers for finding that Plaintiff received the September 23 NTRS when originally mailed is its "assumption" that he likely received it about the same time Defendant did. Needless to say, such unsupported assumptions and conclusory allegations are not competent summary judgment evidence.[21] Moreover, even if Defendant's assumption were correct, he has not produced any evidence showing that Plaintiff received the notice that was allegedly mailed to his old address. The Fifth Circuit has explained that where, as here, it is shown that the claimant failed to receive an NTRS through no fault of his own, "the delivery of the letter to the mailing address cannot be considered to constitute statutory notification."[22] As previously noted, the 90–day limitations period begins to run only when a claimant receives actual or constructive notice that the EEOC has completed its efforts.[23]

The only other evidence in the summary judgment record that bears upon when Plaintiff may have received notice of his right to sue is a letter sent to Plaintiff's counsel from Brian D. McGovern, Acting District Director of the EEOC. One sentence of that letter reads: "While our records indicate the charge was sent to your client on the above charge, we do not show that you were sent a copy of the dismissal and Notice of Rights."[24] Far from undermining Plaintiff's claim, however, this ambiguous statement merely indicates that the EEOC sent something known as a "charge" to Plaintiff on some unspecified date. It says nothing about whether Plaintiff ever received the September 23 NTRS at issue here. Furthermore, the McGovern letter does not contradict the handwritten note Plaintiff received from his EEOC case manager acknowledging that the September 23 NTRS was mailed to Plaintiff's old address.

■ Viewing the facts and evidence in the light most favorable to Plaintiff, the court finds that Plaintiff's lawsuit was timely filed within the statutorily prescribed 90–day period. The uncontroverted summary judgment evidence establishes that Plaintiff did not receive notice of his right to sue from the EEOC until April 29, 1999. Although Defendant may be correct in arguing that the EEOC lacked the authority to rescind the September 23 NTRS and reissue it on May

**18.** Dft.'s Mot. to Dismiss at 2.

**19.** *See generally* Plt.'s Aff., Affidavit of Carla Nowell set forth in Plt.'s Resp., and Cloutman Aff.

**20.** *See* Cloutman Aff. at Ex. A & Ex. C(3).

**21.** *See Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir.1996).

**22.** *Franks v. Bowman Transportation,* 495 F.2d 398, 405 (5th Cir.1974) (addressing limitations period under predecessor statute to 42 U.S.C. § 2000e–5), *rev'd on other grounds,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); *see also Espinoza v. Missouri Pacific R. Co.,* 754 F.2d 1247, 1250 (5th Cir.1985) (holding that mailing of EEOC right-to-sue notice to address designated by claimant suffices to start 90–day period for bringing Title VII action unless claimant, through no fault of his own, failed to receive the notice or, for some other equitable reason, statute should be tolled until he actually receives notice).

**23.** *See Zambuto,* 544 F.2d at 1335; *Tatum,* 866 F.Supp. at 994.

**24.** Plt.'s Supp. at Ex. E.

4,[25] the court need not reach that issue given that Plaintiff timely filed his complaint well within 90 days of receiving any notice from the EEOC.

### III. CONCLUSION

For the reasons given and on the authorities cited, Defendant's motion for summary judgment is hereby DENIED. It is so ORDERED.

25. *See Gonzalez,* 610 F.2d at 245–46 (holding that the EEOC has the authority to rescind one NTRS and replace it with another but only if it gives both parties notice of its intent to do so within the 90–day period provided by the initial NTRS).