556 F.2d 346
 15 Fair Empl.Prac.Cas. 487, 14 Empl. Prac.
Dec. P 7754
John D. PAGE and Don Thomas et al., Plaintiffs-Appellees,
v.
U. S. INDUSTRIES, INC., et al., Defendants-Appellants.
Rebecca WILLIAMS, Plaintiff-Appellant,
v.
CLE CORPORATION, d/b/a Sheraton-Chateau Lemoyne, Defendant-Appellee.
 Nos. 76-3366, 75-3822.
 United States Court of Appeals,
Fifth Circuit.
 July 25, 1977.
 
 Joseph W. Thomas, Okla Jones, II, New Orleans, La., for plaintiff-appellant in 75-3822.
 Bernard Marcus, Amy R. Kennon, New Orleans, La., for defendant-appellee in 75-3822.
 Samuel E. Hooper, Charles B. Gallagher, Houston, Tex., for defendants-appellants in 76-3366.
 Carol Nelkin, Houston, Tex., for plaintiffs-appellees in 76-3366.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Appeal from the United States District Court for the Southern District of Texas.
 Before WISDOM, GEE and FAY, Circuit Judges.
 GEE, Circuit Judge:
 
 
 1
 In this opinion we dispose of two cases which, although involving different facts and somewhat different issues, are both concerned with procedures employed by the Equal Employment Opportunity Commission (the EEOC) in informing complaining individuals of their right to seek judicial action. In each case the question is whether the plaintiff timely filed suit after initially referring his case to the EEOC. We hold that, by the law of this circuit, the district court should hear each plaintiff's Title VII action.
 
 
 2
 Congress has enacted a comprehensive scheme for the resolution of Title VII claims, involving both administrative and judicial action. Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) (1970), as amended, outlines the procedural scheme:
 
 
 3
 (f)(1) If within thirty days after a charge is filed with the Commission . . . the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. . . . The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission . . . . If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.
 
 
 4
 Initially the individual must rely on the EEOC either to conciliate his claim or to file a civil action on his behalf. Only after 180 days have passed from the filing of his administrative complaint may he seek a judicial remedy, and even then before he can sue he must receive notice that the EEOC has failed to conciliate his claim and has not sued. He has 90 days from this notice to bring suit.
 
 
 5
 The common problem in these two cases is what suffices to trigger the running of the 90-day period within which an individual must file suit. Doubtless the Congress contemplated that the EEOC would complete its investigation, attempt to conciliate, and reach the decision whether or not to sue within 180 days, and then notify the complainant immediately. Unfortunately, the avalanche of discrimination complaints to the EEOC has prevented it from completing administrative action on complaints within the 180-day period. See Zambuto v. American Telephone & Telegraph Co., 544 F.2d 1333, 1334 n.5 (5th Cir. 1977); EEOC v. Louisville & Nashville R. Co., 505 F.2d 610, 616-17 (5th Cir. 1974), cert. denied, 423 U.S. 824, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975). These administrative delays have produced consequent delays in notifying claimants of the failure of the EEOC either to conciliate their claims or to file suit. Because section 706(f)(1) requires that an individual receive this notice before the 90-day period starts, questions of when the EEOC should send notice after completion of the 180-day period and what constitutes adequate notice have become important. We have recently condemned one EEOC practice designed to provide the statutory notice.
 
 
 6
 In Zambuto v. American Telephone & Telegraph Co., supra, we ruled that the EEOC improperly extended the period for filing suit when it gave notice that the administrative process was closed[1] but then informed complainants that they could request the required statutory notice after which they must bring suit within 90 days. This procedure invalidly placed in a claimant's hands the power to postpone the commencement of the 90-day period after the administrative process had terminated. Congress designed the 90-day period to protect employers from stale claims, and the EEOC's practice deprived them of that protection. We went on to rule, however, that this "two-letter" procedure was "patently misleading" so that justice required that we make our ruling prospective only and allow Mrs. Zambuto to pursue her action. Against this background we turn to the individual cases before us.
 
 I. Williams v. CLE Corporation
 
 7
 Rebecca Williams, a black female, was employed as a front-desk clerk at the Sheraton-Chateau Lemoyne Hotel in New Orleans, Louisiana, in mid-1973. The hotel management discharged her in October 1973, and she filed a timely complaint of racial discrimination with the EEOC. On January 27, 1975, the EEOC issued a determination that it had reasonable cause to believe the appellant's charge was true. After the defendant rebuffed its conciliation efforts, on March 25, 1975, the EEOC sent Ms. Williams the following letter:
 
 
 8
 This is to advise you that conciliation efforts . . . have failed to achieve voluntary compliance with Title VII of the Civil Rights Act of 1964, as amended. The Respondent Company has declined the invitation to resolve the issues in your case.
 
 
 9
 In accordance with Section 706(f)(1) of the Act, you have the right to file suit in Federal District Courts. Should you decide to exercise such right it must be done in writing. Please direct any communications to the Director, New Orleans District Office, EEOC.
 
 
 10
 Thank you for your cooperation and feel free to call me if you have any questions.
 
 
 11
 On May 6, 1975, the EEOC sent Ms. Williams another letter captioned "Conciliation Failure Notice of Right to Sue" that provided in pertinent part:
 
 
 12
 The Commission has determined that it will not bring a civil action against the respondent(s) and accordingly is issuing you this Notice of Right to Sue. The issuance of this Notice terminates the Commission's processing of your charge, except that the Commission may seek status as intervenor if you decide to sue on your own behalf as described below.
 
 
 13
 If you want to pursue your charge further, you have the right to sue the respondent named in this case in the United States District Court for the area where you live. IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN NINETY (90) DAYS FROM THE RECEIPT OF THIS NOTICE; OTHERWISE YOUR RIGHT IS LOST.
 
 
 14
 Ms. Williams filed her suit on July 31, 1975, 132 days after the March 25 letter but within 90 days of the May 6 letter. Plaintiff appended to her Title VII action a claim under 42 U.S.C. § 1981 alleging racial discrimination in employment. This claim came approximately 18 months after her discharge.
 
 
 15
 The trial court dismissed plaintiff's suit. It held that the EEOC's March 25 letter began the 90-day prescriptive period and that Ms. Williams' failure to bring suit within 90 days of that letter barred her Title VII claim. The trial court dismissed the section 1981 suit on the grounds that Louisiana requires suits for back pay to be brought within one year, with the result that plaintiff's suit was clearly filed too late.
 
 
 16
 A. The Title VII claim. The CLE Corporation argues, and the district court apparently agreed, that the March 25 letter gave sufficient notice of the EEOC's failure to conciliate her claim and its decision not to sue to start the running of the 90-day period. CLE asserts that the March 25 letter's statement that "in accordance with Section 706(f)(1) of the Act, you have the right to sue in Federal District Courts (sic)" provides sufficient notice. We disagree.
 
 
 17
 To begin the 90-day limitation period, the complainant must receive notice that the EEOC has completed its administrative efforts. See Zambuto, supra at 1335. The March 25 letter only related that conciliation efforts had failed; it did not inform her that the EEOC had decided not to sue. Perhaps she could have inferred this from the EEOC's reminder of her right to sue, but the reminder was ambiguous. She could easily have read it as saying that the EEOC still contemplated suit, but she might choose to institute her own action. It is true that, unlike Zambuto, the March 25 letter does not affirmatively mislead Ms. Williams as to when she may file suit, but neither does it convey sufficient notice of the termination of the administrative process.[2] The 90-day period did not begin running from the date of Ms. Williams' receipt of the March 25 letter; only the May 6 letter provided adequate notice.
 
 
 18
 Even were we to conclude that the March 25 letter served as adequate notice, we could not ignore the misleading effect of the May 6 letter. In the May 6 letter the EEOC explicitly informed Ms. Williams that she had 90 days from the date of that letter to file suit. This action was no less "patently misleading," perhaps more so,[3] than the letters in Zambuto. Ms. Williams was entitled to rely on this seemingly authoritative statement by the agency presumed to know the most about these matters. The same equitable considerations that led us to allow Mrs. Zambuto to pursue her action convince us that we should permit Ms. Williams to continue her action. See Zambuto, supra at 1336; Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924, 929-30 (5th Cir. 1975). See also DeMatteis v. Eastman Kodak Co., 520 F.2d 409, 410-11 (2d Cir.), on petition for rehearing from 511 F.2d 306 (2d Cir. 1975); Gates v. Georgia Pacific Corp., 492 F.2d 292, 295 (9th Cir. 1974); Stebbins v. Nationwide Mutual Ins. Co., 469 F.2d 268, 269 (4th Cir. 1972).
 
 
 19
 B. The section 1981 claim. The district court dismissed Ms. Williams' claim under 42 U.S.C. § 1981 because it was not brought within one year of the alleged act of discrimination. It ruled that the Louisiana statute proscribing actions for back pay after one year applied to section 1981 actions seeking back pay, so that Ms. Williams' section 1981 suit was untimely.[4] Because section 1981 states no limitations period, we must rely on applicable state statutes of limitation. See 42 U.S.C. § 1988; Guerra v. Manchester Terminal Corp., 498 F.2d 641, 647 (5th Cir. 1974). On appeal the parties have suggested four Louisiana statutes that might provide the appropriate prescriptive period Louisiana Civil Code arts. 3534 (one year for actions for workmen's wages), 3536 (one year for actions resulting from "offenses or quasi-offenses"), 3538 (three years for actions for clerks' salaries), and 3544 (ten years for claims not specifically covered in other articles). Before we can determine the applicable statute of limitation, however, we first must decide how Louisiana would characterize the section 1981 cause of action.[5] See Ingram v. Steven Robert Corp., 547 F.2d 1260, 1261-62 (5th Cir. 1977); Shaw v. McCorkle, 537 F.2d 1289, 1293 (5th Cir. 1976). We conclude that Louisiana law would characterize Ms. Williams' action as one sounding in tort i.e., an "offense or quasi-offense." See La.Civ. Code art. 3536.
 
 
 20
 In Sims v. Orleans Railway & Light Co., 134 La. 897, 64 So. 823 (1914), the Louisiana Supreme Court defined "offenses and quasi-offenses" as infringements of some right personal to the individual or the violation of some duty imposed by law. Louisiana federal district courts have used this definition to hold that actions under 42 U.S.C. § 1983 for state deprivations of civil rights constitute "offenses and quasi-offenses" with the prescriptive period of one year found in La.Civ. Code art. 3536. See Heyn v. Board of Supervisors, 417 F.Supp. 603, 604-05 (E.D.La.1976); Whitsell v. Rodrigues, 351 F.Supp. 1042, 1044 (E.D.La.1972). Similarly, we believe that the definition of "offenses and quasi-offenses" includes actions under section 1981. As we noted recently, section 1981 cases arise independently of any contractual agreement between employee and employer, see Ingram, supra at 1263; instead, they arise from the employer's violation of his duty not to violate the plaintiff's civil rights secured under section 1981. Cf. Loggins v. Steel Construction Co., 129 F.2d 118 (5th Cir. 1942) (alternative holding that art. 3536 applied to violation of positive provisions of Fair Labor Standards Act). When an employer discriminates on the basis of race in violation of section 1981, he has violated a duty imposed by law he has committed an "offense or quasi-offense." Thus, actions giving rise to section 1981 claims are proscribed by the one-year provision of Louisiana Civil Code art. 3536. See O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914).
 
 
 21
 Ms. Williams argues that under Louisiana law we must look to her pleadings: that the character she gives them and the form of her action determine the nature of her claim. See Federal Ins. Co. v. Ins. Co. of North America, 262 La. 509, 263 So.2d 871, 872 (1972); Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574, 576 (1957); United Carbon Co. v. Mississippi River Fuel Corp., 230 La. 709, 89 So.2d 209, 212 (1956). An examination of her pleadings only reinforces the ex delictu nature of Ms. Williams' claim. Ms. Williams alleges several acts of discrimination and then asserts that those acts violate section 1981. We cannot characterize these allegations as stating a contractual claim with a prescriptive period of ten years, as described in Louisiana Civil Code art. 3544.[6] The pleadings allege violations of the duty not to discriminate imposed by section 1981. They allege tortious activity "offenses or quasi-offenses" under Louisiana law.
 
 
 22
 Ms. Williams also claims that the relief she seeks in her pleadings should control the characterization of her action. Because she seeks equitable relief only, she argues that her claim is a personal action not enumerated in previous prescriptive provisions qualifying for treatment under Louisiana Civil Code art. 3544 and its ten-year prescriptive period. Louisiana does provide special prescriptive periods for actions seeking certain forms of relief. For example, actions seeking back wages proscribe in one year. La. Civ. Code art. 3534. Nevertheless, Louisiana lays down no special prescriptive period for any action seeking equitable relief, and a prayer for injunctive relief does not automatically invoke the ten-year period of art. 3544. The relief sought may help characterize the cause of action expressed in the plaintiff's pleadings, see e.g., Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574, 576-77 (1957), but under Louisiana law the relief sought, if not covered by a special prescriptive period, does not control if the nature of the cause of action is otherwise clear. It is now clear that actions under section 1981 are ex delictu ; the relief sought can have no further impact on characterizing the action unless ex delictu actions seeking equitable relief fall under the ten-year prescriptive period of Louisiana Civil Code art. 3544.[7] Ms. Williams has not cited nor have we found any Louisiana case involving an ex delictu action in which a claim for injunctive relief has been held to transform the action into one eligible for the ten-year prescriptive period. Without persuasive state authority, we adhere to our conclusion that Louisiana Civil Code art. 3536 sets out the proper prescriptive period for section 1981 actions. See Smith v. Olinkraft, Inc., 404 F.Supp. 861, 864 (W.D.La.1975).
 
 
 23
 At oral argument Ms. Williams' counsel suggested another prescriptive period that might prove applicable in this case. He argued that if we agree with the trial court that Ms. Williams' suit was essentially an attempt to seek monetary relief in the form of back salary, see n.7 supra, the Louisiana Civil Code art. 3538[8] providing a three-year prescriptive period for clerks' salaries supplies the appropriate prescriptive period. Assuming for purposes of argument that Ms. Williams qualifies as a "clerk" under the statute, we nevertheless conclude that the three-year statute does not apply.
 
 
 24
 Ms. Williams' claim for back pay is one for compensatory damages arising from the employer's violation of his duty to her under section 1981. See Johnson v. Railway Express Agency, 421 U.S. 454, 460, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The three-year prescriptive period refers to claims arising from contracts or quasi-contracts for the payment of salary and bears no relation to compensatory claims under section 1981. Although in Boudreaux v. Baton Rouge Marine Contracting Co., 437 F.2d 1011 (5th Cir. 1971), we suggested that an analogous prescriptive period for back wages, Louisiana Civil Code art. 3534, might apply when the plaintiffs sought damages for loss of back pay, we made that statement on the assumption that an action under section 1981 in Louisiana was ex contractu. Our holding today that a section 1981 action arises ex delictu in Louisiana terminates the applicability of prescriptive provisions referring to back pay in a contractual context. The plaintiff's prayer that she be "made whole" for the consequences of the defendant's alleged discrimination is more analogous to a prayer for compensatory relief than an attempt to enforce a contractual right. If art. 3538 did apply it would present an anomalous situation in which the underlying cause of action the "offense" of violating section 1981 was proscribed but the remedy back salary was not. Our reading of the Louisiana prescriptive provisions presents a more coherent characterization of the cause of action under section 1981 and the relief available under it.
 
 
 25
 In summary, we hold that the district court erred in dismissing Ms. Williams' Title VII action but that Ms. Williams' action under 42 U.S.C. § 1981 proscribed under Code art. 3536 when it was not brought within one year of the offense.
 
 II. U.S. Industries, Inc. v. Page
 
 26
 Page, a black employee at the Wyatt Division of U.S. Industries in Houston, filed with the EEOC in 1969 a charge alleging discrimination in paying him less than similarly situated white employees. On April 13, 1973, the EEOC issued its "reasonable cause" notice, and conciliation efforts were begun, culminating in the execution on February 11, 1974, of a conciliation agreement which provided for affirmative action on the part of U.S. Industries but no specific relief for Page. He was notified of this outcome by a letter dated February 15, 1974, from the Houston office of EEOC, which read as follows:
 
 
 27
 On February 13, 1974, the Equal Employment Opportunity Commission's Houston District Office successfully conciliated the above referenced matter. However, no specific remedy was provided for you.
 
 
 28
 You may now request a "Notice of Right to Sue" from this office at any time. If you so request and the notice is issued, you will have ninety (90) days from its receipt to file suit in Federal District Court.
 
 
 29
 It is advisable that if you wish to pursue this matter, further that you have an attorney ready to proceed with the case prior to issuance of the "Notice of Right to Sue." If you do not have an attorney available and you wish to proceed further with your case then call our General Attorney, for assistance in securing one for you.
 
 
 30
 Thus advised that the attack had carried but that he was one of the casualties, Page did secure an attorney, who on May 8 requested the notice from EEOC; it was sent on May 21. Page's suit was filed in the district court on August 14, within 90 days of his receipt of the notice of right to sue but some six months after the February 15 letter.
 
 
 31
 Page's complaint charged violations of Title VII and of 42 U.S.C. § 1981 (1970). On motion of U.S. Industries, the district court initially dismissed Page's Title VII claim because of his failure to file his suit within 90 days after receipt of the February 15 letter and also dismissed his section 1981 claim as to any acts of discrimination alleged to have occurred more than two years before his suit was filed. Later, on motion for reconsideration, the district court reinstated both the section 1981 and Title VII claims the former because of its conclusion that Johnson v. Railway Express Agency, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), was not to be applied retroactively, and the latter because of its conclusion that Page had been misled by the February 15 letter and should not suffer dismissal because of his mistaken reliance upon it. Subsequently, two controlling questions were certified pursuant to 28 U.S.C. § 1292(b) (1970), and we granted leave for this interlocutory appeal.
 
 
 32
 A. The Title VII claim. Whatever validity the two-letter procedure might appear to possess when employed in the situation where the EEOC has unsuccessfully sought conciliation and is still in the process of determining whether to file its own suit, it is entirely inappropriate in the factual context presented by the case before us. The logical import of the February 15 letter could only be that the EEOC was satisfied with the outcome of the conciliation process and would not be filing suit against U.S. Industries, since one does not typically sue to remedy the outcome of an administrative proceeding he regards as successfully terminated. Thus, this letter should have informed Page both that the conciliation process had come to a close and that the EEOC did not intend to file suit as the statute has been read to require before the 90-day period begins to run. See Zambuto, 544 F.2d at 1335. The only possible end to be served by withholding the notice of right to sue was the unlawful extension of the statutory limitations period which we condemned in Zambuto, a condemnation which we reiterate in this case.
 
 
 33
 As in Zambuto, however, the initial letter received by Page did not stop at informing him that his case had in effect been administratively closed; it went on to inform him, in terms more explicit than those of Zambuto's first letter, that the 90-day time period would not run until he requested and received a notice of right to sue. He was carefully advised to secure an attorney, or ask EEOC's assistance in securing one, before starting the clock running by requesting the notice. Unless he had carefully read Title VII with a prescience about forthcoming appellate decisions uncommon even among experienced civil rights lawyers, Page would certainly have been misled by the February 15 letter and would have assumed that no deadline impended until his lawyer had requested and received the notice. The affirmatively misleading character of the February 15 letter requires our application of the Zambuto rule and, as in that case, "we will not visit the effects of EEOC's erroneous practice on (Page) who was misled by terminating (his) right to judicial examination of (his) employer's conduct." 544 F.2d at 1336. The district court correctly reinstated Page's Title VII claim, which should now proceed to trial.
 
 
 34
 B. The section 1981 claim. In Johnson v. Railway Agency, Inc.,421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Supreme Court held that the filing of a Title VII claim with the EEOC does not toll the statute of limitations applicable to a 42 U.S.C. § 1981 action. Page's suit was filed before the Johnson decision was handed down, so that the success of his section 1981 claim depends upon whether Johnson is to be given retroactive application in this circuit. In reinstating Page's section 1981 claim below, the district court followed the approach taken in another case in the same Southern District of Texas, Williams v. Phil Rich Fan Mfg. Co., Inc., No. 74-H-1345 (S.D.Tex., May 6, 1976), holding that Johnson did not apply retroactively. We recently reaffirmed that Johnson's no-tolling rule is, indeed, to be given retrospective effect, by reversing the decision relied on by the court below. Williams v. Phil Rich Fan Mfg. Co., Inc., 552 F.2d 596 (5th Cir. 1977). In Texas, the appropriate limitations period for section 1981 actions is the two-year period set out in Tex.Rev.Civ.Stat.Ann. art. 5526 (1958). Dupree v. Hutchins Brothers, 521 F.2d 236, 238 (5th Cir. 1975). Accordingly, Page's section 1981 claim must be dismissed insofar as it relates to any acts alleged to have occurred more than two years before his filing of suit in federal court.
 
 
 35
 In summary, in Williams v. CLE Corp., we affirm the district court's dismissal of the section 1981 claim but reverse its dismissal of her Title VII claim, and in U.S. Industries v. Page, we affirm the district court's retention of Mr. Page's Title VII claim but hold that the section 1981 claim is time barred. We also note, in closing, the extreme importance of EEOC's heeding our admonition in Zambuto and ceasing forthwith to deliver misleading or incomplete notices to claimants; April 11, 1977, has now long passed. IT IS SO ORDERED.
 
 FAY, Circuit Judge, specially concurring:
 
 36
 Although joining in Judge Gee's excellent opinion, I feel compelled to note this concurrence recognizes the binding effect of Zambuto v. American Telephone and Telegraph Co., 544 F.2d 1333 (5th Cir. 1977) upon all panels of this court unless altered by en banc proceedings. As the trial judge in Zambuto, I reluctantly concluded that the "seemingly authoritative statement by the agency presumed to know the most about these matters" was not sufficient to abrogate the clear limitations and time periods prescribed by Congress. Nothing has changed my mind. The law, however, has been clearly established in Title VII cases and such unfortunate incidents should not occur in the future.
 
 
 
 [1]
 In Zambuto we also stated that to be adequate as statutory notice of right-to-sue, the notice must not only state that conciliation efforts have failed but also that the EEOC has decided not to sue. In essence, the notice must indicate that the administrative process has terminated. 544 F.2d at 1335
 
 
 [2]
 We reject Ms. Williams' proposition that an adequate statutory notice must include the information that the complainant has only 90 days within which to file suit. Although other courts have required such language, see Coles v. Penny, 174 U.S.App.D.C. 277, 531 F.2d 609 (1976); Gates v. Georgia Pacific Co., 492 F.2d 292 (9th Cir. 1974), we held in Zambuto that the statutory notice need only inform the complainant that the administrative process is terminated. 544 F.2d at 1335
 
 
 [3]
 In Zambuto the letter clearly informed the complainant that her case was administratively closed but assured her in the next paragraph that she could request a right-to-sue letter and have 90 days to sue upon its receipt. In this case the first letter, read in a manner most favorable to the defendant, only implied that the EEOC had completed its administrative efforts. Whatever Ms. Williams thought after the first letter, the second letter like the next paragraph of the Zambuto letter assured her that she had 90 days in which to act
 
 
 [4]
 Although Ms. Williams argued that the filing of her Title VII claim tolled the statute of limitations on the section 1981 action, it is clear now that this is not the case. See Johnson v. Railway Express Agency, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). We have applied Johnson v. Railway Express retroactively. See Williams v. Phil Rich Fan Co., 552 F.2d 596, 598 (5th Cir. 1977); Dupree v. Hutchins Bros., 521 F.2d 236 (5th Cir. 1975)
 
 
 [5]
 42 U.S.C. § 1981 provides that:
 All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
 
 
 [6]
 We recognize that dicta in Boudreaux v. Baton Rouge Marine Contracting Co., 437 F.2d 1011 (5th Cir. 1971), suggested that section 1981 claims are contractual and governed by the ten-year prescriptive period. 437 F.2d at 1017 n.16. But we are not bound by dicta, and we have recently rejected these in favor of the analysis we employ here. See Ingram v. Steven Robert Co., 547 F.2d 1260, 1263 (5th Cir. 1977)
 
 
 [7]
 As part of her prayer for equitable relief, Ms. Williams asks that the court make her whole by providing back pay, social security and other benefits. Although we agree with the district court that this part of the prayer more closely resembles a prayer for damages, we will assume, for purposes of this argument, that it is a prayer for equitable relief
 
 
 [8]
 Art. 3538. The following actions are prescribed by three years:
 That for the salaries of overseers, clerks, secretaries, and of teachers of the sciences who give lessons by the year or quarter.
 La.Civ. Code art. 3538.