445 F.Supp. 836 (1978)
Joan RUDOLPH, Plaintiff,
v.
WAGNER ELECTRIC CORP., Defendant.
No. 77-O322C(1).
United States District Court, E. D. Missouri, E. D.
February 1, 1978.
*837 Lisa Van Amburg, Anderson, Everett, Sedey & Van Amburg, St. Louis, Mo., for plaintiff.
D. J. Sullivan, Timothy L. Stalnaker, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on the motion of defendant Wagner Electric Corporation for summary judgment. For the reasons stated below, defendant's motion will be granted.
This is a suit for declaratory judgment, injunctive relief, and damages to redress an alleged deprivation of rights under Title VII of the Civil Rights Act of 1964 and is instituted pursuant to section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 86 Stat. 103 (March 24, 1972), Title VII. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1343, and 1345.
Plaintiff Joan Rudolph (hereinafter "Rudolph") was employed by defendant Wagner Electric Corporation (hereinafter "Wagner") from December 1951 to February 1973. Rudolph filed a union grievance on her discharge in February 1973 with Local 1104, International Union of Electrical, Radio and Machine Workers, AFL-CIO, of which she was a member in good standing. The grievance was arbitrated on December 18 and 20, 1973, and decision upholding the discharge was rendered on April 22, 1974. Rudolph filed a charge of employment discrimination against Wagner on May 15, 1974. On or about May 20, 1974, Rudolph's charge of discrimination was deferred to the Missouri Commission on Human Rights and on May 21, 1974, the Equal Employment Opportunity Commission assumed jurisdiction over Rudolph's charge. On or about January 10, 1977, Rudolph received a "Notice of Right to Sue" from the St. Louis District Office of the Equal Employment Opportunity Commission. Complaint in this case was filed on March 28, 1977, alleging that Rudolph had been deprived of benefits due her as an employee solely because of her sex as a result of discrimination during her employment with Wagner, her discharge from Wagner and Wagner's failing and refusing to take affirmative action to correct the effects of the discriminatory policies and practices alleged.
Wagner asserts that Rudolph has failed to meet the jurisdictional prerequisite to suit under Title VII contained in section 706(e) of the Act, 42 U.S.C., § 2000e-5(e):
"A charge under this section shall be filed within one hundred and eighty days *838 after the alleged unlawful employment practice occurred . . ."
The filing of a charge within one hundred and eighty days of the alleged unlawful employment practices is a jurisdictional prerequisite to suit under Title VII. United Air Lines, Inc. v. Evans, 431 U.S. 553, 52 L.Ed.2d 571, 97 S.Ct. 1885 (1977); Alexander v. Gardner-Denver Co., 415 U.S. 36, at 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); Olson v. Rembrandt Printing Co., 511 F.2d 1228 (8th Cir. 1975); EEOC v. Missouri Pacific R.R., 493 F.2d 71 (8th Cir. 1974). Rudolph alleges Wagner discriminated against her with regard to certain unlawful employment practices during the course of her employment and with regard to her discharge. Rudolph's discharge was in February 1973, and her charge of employment discrimination was filed on May 15, 1974, fourteen and one-half months after discharge, not within one hundred and eighty days of her discharge by Wagner.
Rudolph also alleges that Wagner discriminated against her by refusing to correct the effects of the discriminatory policies and practices alleged. Discharges are not continuing violations. The date of discharge is the controlling date under the statute, and the charge must be filed in relation to that date. Olson v. Rembrandt Printing Co., supra.
In addition, Rudolph alleges that the pendency of the grievance-arbitration procedure with respect to her discharge tolled the running of the limitations period within which the charges had to be filed with the EEOC. The filing of a grievance under a collective bargaining agreement does not toll the running of the limitations period within which charges must be filed with the EEOC under Title VII of the Civil Rights Act of 1964. Electrical Workers, Local 790 v. Robbins and Myers, Inc., 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976).
Plaintiff has failed to satisfy a jurisdictional prerequisite to this suitthe filing of a timely EEOC charge concerning the acts of alleged discrimination on which the suit is based. There is no genuine issue as to the essential facts of the case. Therefore, defendant's motion for summary judgment dismissing complaint will be granted and plaintiff's complaint will be dismissed for lack of subject matter jurisdiction.