Stephen E. OTSTOTT

v.

VEREX ASSURANCE, INC.

No. CA–3–79–0854–G.

United States District Court,
N. D. Texas,
Dallas Division.

Jan. 3, 1980.

**1270**

Hernandez, Inc. by Frank P. Hernandez, Garland, Tex., for plaintiff.

Winstead, McGuire, Sechrest & Trimble by W. Ted Minick and Patrick F. McManemin, Dallas, Tex., for defendant.

## MEMORANDUM ORDER

PATRICK E. HIGGINBOTHAM, District Judge.

This is an individual Title VII case, in which the plaintiff alleges that he was terminated for his refusal to give illegal preferences to female employees under his supervision. Defendant has moved to dismiss for lack of subject matter jurisdiction due to untimely filing of the complaint in this court and untimely filing of the complaint before the EEOC, for improper venue, and for failure to state a claim upon which relief may be granted. In the alternative, defendant also moves for a more definite statement.[1]

### I. The 90-Day Time Limit

42 U.S.C. § 2000e–5(f)(1) requires that a civil action under Title VII be commenced within 90 days of the giving of notice by the EEOC that a complaint before it has been dismissed. Defendant argues that this action, which was commenced on July 3, 1979, is not timely, in that it was commenced exactly 90 days after the EEOC dismissal on April 5, 1979, and hence not "within" 90 days as required by the statute.

This contention should be rejected for two reasons. First, the 90-day period does not begin to run until *receipt* of the EEOC determination by the plaintiff. *Turner v.*

1. Because of the court's resolution of the jurisdiction question, it does not reach the venue, failure to state a claim, or more definite statement questions.

2. This of course expresses no opinion on the correctness of such a construction. It may be

*Texas Instruments, Inc.,* 556 F.2d 1349, 1352 (5th Cir. 1977). Receipt in this case took place on April 10, 1979, well within 90 days of the filing of the complaint. Second, the period from a given time of day on April 5, 1979, to the same time of day on July 3, 1979, encompasses only 89 days. Hence a complaint filed prior to the closing of the district clerk's office on July 3 is filed at most 89½ days after the EEOC decision, fitting even the most hypertechnical construction of the statutory requirement.[2]

Accordingly, the motion to dismiss is DENIED insofar as it relies on lack of timely filing of the complaint in this court.

### II. The 180-Day Time Limit

42 U.S.C. § 2000e–5(e) requires that a complaint be filed with the EEOC within 180 days after the alleged act of discrimination. In the present case, no formal complaint was filed with the EEOC until February 6, 1979, despite the fact that plaintiff's termination took place on April 28, 1978. Plaintiff seeks to avoid dismissal for lack of timely filing by asserting (1) that his termination constitutes a continuing tort which bars the running of the statute; and (2) that equitable considerations justify his failure to file within 180 days.

■ The law is well settled that "[a] severing of the employment relationship ordinarily terminates a discrimination against the severed employee, and activates the time period for filing charges with the Commission concerning any violation which occurred at separation or which may have been continuing up to the date thereof." *Laffey v. Northeast Airlines, Inc.,* 185 U.S. App.D.C. 322, 366, 567 F.2d 429, 473 (D.C. Cir.1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). *Accord, e. g., King v. Seaboard Coast Line Railroad,* 538 F.2d 581, 584 n. 5 (4th Cir. 1976); *Terry v. Bridgeport Brass Co.,* 519 F.2d 806, 808

noted (without deciding its relevance to Title VII) that under the computation scheme of Fed. R.Civ.P. 8(a), the period would not expire until the close of business on July 5, since the 90th day (July 4) is a legal holiday.

(7th Cir. 1975); *Collins v. United Air Lines, Inc.,* 514 F.2d 594, 596 (9th Cir. 1975); *Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1234 (8th Cir. 1975); *Rudolph v. Wagner Electric Corp.,* 445 F.Supp. 836, 838 (E.D. Mo.1978). Plaintiff has suggested no extraordinary circumstances which would justify an exception to this general rule.

Plaintiff argues that this case falls under the rubric of *Chappell v. Emco Machine Works Co.,* 601 F.2d 1295 (5th Cir. 1979). In that case, the Fifth Circuit held that equitable considerations could under certain circumstances suspend the running of the 180-day limitation period. The court identified three distinct situations in which the period might be suspended: (1) where an action was filed in an incorrect state forum, *see International Union of Electrical Workers v. Robbins & Myers,* 429 U.S. 229, 238, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976); *cf.* Tex. Rev.Civ.Stat. art. 5539a; (2) where the claimant did not originally know and should not reasonably have known of the facts giving rise to his claim, *see Bickham v. Miller,* 584 F.2d 736, 738 (5th Cir. 1978); and (3) where the EEOC misled the complainant about the nature of his rights, *see Page v. U. S. Industries, Inc.,* 556 F.2d 346, 350–51 (5th Cir. 1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978). 601 F.2d at 1302–03. Of these three situations, only the third is arguably applicable here.

Plaintiff first contacted the Kansas City office of the EEOC during the last week of May, 1978. He was informed by telephone that the Kansas City office was only interested in cases involving patterns of discrimination and class-wide discrimination. Plaintiff was advised that the Kansas City office would issue a right-to-sue letter "or that it would be to plaintiff's advantage to file his complaint with the Dallas EEOC office." The Kansas City office closed a few months later.

In early June, 1978, plaintiff contacted an attorney in Kansas City asking him to do some research and to advise the defendant of plaintiff's allegations. Plaintiff's attorney forwarded a research memorandum to him in June but did not notify defendant until November. After relocating to Dallas, plaintiff contacted his present counsel, who promptly caused a charge to be filed with the Dallas office of the EEOC on February 6, 1979. This charge was dismissed by the EEOC for want of jurisdiction.

While plaintiff repeatedly brought his charges to the attention of defendant during the period from his termination to the filing of the EEOC charge, it is not the primary purpose of the formal charge procedure to put employees on notice of violations. "On the contrary, the purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC." *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir. 1970). Hence informal notice to the employer will not serve to excuse the filing requirement.

Assuming *arguendo* that the misadvice of the Kansas City EEOC office meets the third *Chappell* criterion for equitable tolling of the filing period, it does not serve to explain the entire delay from April, 1978, to February, 1979. The record reflects that plaintiff contacted an attorney on or before June 8, 1978, regarding his claim. Even if the statute is considered to be tolled from plaintiff's first contact with the EEOC office until that date, there is no reasonable ground for the failure of plaintiff or his attorney to file a complaint within six months of that date. Part of plaintiff's Kansas City attorney's responsibility in handling plaintiff's case was his obligation to ensure within a reasonable time that all required procedural steps had been taken. For one reason or another, this was not done.[3]

Plaintiff cannot extend the principal of *Chappell* to encompass detrimental reliance on a third party. The Fifth Circuit in that case stated:

3. Plaintiff's May, 1978, oral communication cannot serve as a formal charge, since 42 U.S.C. § 2000e–5(b) requires that a charge "be in writing under oath or affirmation."

If we were to find that Chappell's reliance on Whitley [an employee of Texas Employment Commission] has tolled the time period, there would be no logical reason for denying tolling to a person who has relied on a *lawyer* or a relative or acquaintance to file his or her complaint. A holding of this breadth would seriously undermine the policy of repose inherent in the timely filing period, a policy designed to protect employers from stale claims.

601 F.2d at 1303 (emphasis supplied).

Accordingly, defendant's motion to dismiss based on plaintiff's failure to timely file a complaint with the EEOC is GRANTED.