611 F.2d 602
 21 Fair Empl.Prac.Cas. 1731,
22 Empl. Prac. Dec. P 30,632
James KEY, Individually and on behalf of all others
similarly situated, Plaintiffs-Appellants,
v.
LUMBERJACK MEATS, INC., a corporation, and Amalgamated Meat
Cutters & Butcher Workmen of North America, Local
442, Defendants-Appellees.
 No. 77-2639.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 11, 1980.
 
 Robert L. Wiggins, Jr., Birmingham, Ala., for plaintiffs-appellants.
 George C. Longshore, Birmingham, Ala., for Local 442, Amalgamated Meat Cutters.
 Alton B. Parker, Jr., Birmingham, Ala., for Lumberjack Meats, Inc.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before COLEMAN, Chief Judge, KRAVITCH and HENDERSON, Circuit Judges.
 HENDERSON, Circuit Judge:
 
 
 1
 James Key was discharged from his employment with Lumberjack Meats, Inc. (hereinafter referred to as "Lumberjack"). Key thereupon filed charges with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC"), against Lumberjack and his union, the Amalgamated Meat Cutters & Butcher Workmen of North America, Local 442. The substance of those charges is unimportant for the purposes of this appeal. The EEOC found "reasonable cause" for several charges, but found "no reasonable cause" with respect to Key's claim that he had been discharged because of his race. By letter dated April 17, 1975, the EEOC advised him that it had been able to resolve all "cause" issues but had been unable to obtain any remedy for his individual charge. In the second paragraph of the letter, the EEOC stated that pursuant to § 706(f) of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-5(f), and "upon your written request . . . you may be granted the right to institute civil action." (Record on Appeal, hereinafter referred to as "R," at 6). The letter also said that "(i)f you decide to institute suit and make the written request, you may take the letter which the Commission will send you . . . to . . . the Federal District Court." (R, at 6). Key did not file suit at that time. However, on August 13, 1976, the EEOC sent Key a form letter entitled "Notice of Right to Sue," advising him that he had 90 days from receipt of the notice in which to institute a suit. He filed this action within 90 days thereafter. The district court, by order of May 26, 1977, dismissed the plaintiff's suit for failure to file within 90 days of receiving the April 17, 1975 letter. Key now appeals that ruling.
 
 
 2
 The sole issue before us is whether the letter of April 17, 1975 from the EEOC triggered the 90-day limitations period under Title VII of the Civil Rights Act of 1964.
 
 
 3
 According to § 706(f)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-5(f)(1), a party shall have 90 days after receiving notice of his right to institute a civil action in which to file suit. In Zambuto v. American Tel. & Tel. Co., 544 F.2d 1333 (5th Cir. 1977), a panel of this court held that the notice from the EEOC must state both that there has been a failure of conciliation and that a decision not to sue has been made by the EEOC before the commencement of the 90-day limitation period.[1] However, we decided that, regardless of whether the first paragraph of the Zambuto letter met the two requirements for triggering the 90-day limitation period, the second paragraph, which stated that the EEOC was awaiting the plaintiff's request for the issuance of a right-to-sue letter, affirmatively misled the plaintiff into thinking her rights were protected. Consequently, we did not "visit the effects of EEOC's erroneous practice," Id., at 1336, on the plaintiff, and held that the 90-day period did not commence to run until receipt of the second letter from the EEOC, which was issued upon the plaintiff's request after she received the first letter.
 
 
 4
 Page v. U. S. Industries, Inc., 556 F.2d 346 (5th Cir. 1977), Cert. denied, 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978), presented a fact situation similar to the one now before us. The first letter advised Page that the EEOC had successfully conciliated his claim but no specific remedy had been provided for him. This adequately informed the plaintiff that the conciliation process was at an end and that the EEOC did not intend to file suit and, hence, satisfied Zambuto's two requirements. The letter also stated that "(y)ou may now request a 'Notice of Right to Sue' from this office at any time. If you so request and the notice is issued, you will have ninety (90) days from its receipt to file suit . . .." Id., at 354. The court said that, under Zambuto, the plaintiff was misinformed into assuming the 90-day period would not start running until he requested and received a right-to-sue letter. The first letter from the EEOC did not, therefore, commence the 90-day limitation period. See also, Bernard v. Gulf Oil Co., 596 F.2d 1249, 1254 (5th Cir. 1979).
 
 
 5
 Here, the first paragraph of the letter of April 17, 1975 is undoubtedly sufficient to advise the plaintiff of his right to sue because it meets the Zambuto requirements. The real issue is whether the second paragraph is misleading. Although less clear than in Zambuto and Page, the language "upon Your written request . . . you May be granted the right to institute civil action," (R, at 6) (emphasis supplied) implies both that the plaintiff must make a written request for a right-to-sue letter and that the right to institute a civil action is not yet certain. That the plaintiff must actually request a right-to-sue letter is further supported in the next sentence: "If you decide to institute suit And make the written request . . ." (R, at 6) (emphasis supplied).[2] Accordingly, we hold that the district court erred in dismissing Key's case for failure to file his suit within 90 days of receiving the April 17, 1975 letter. Because Key instituted this action within 90 days of his receipt of the EEOC's "Notice of Right to Sue," his suit was timely filed.
 
 
 6
 REVERSED.
 
 
 
 [1]
 We criticized and invalidated this so-called "Two-Step" letter procedure because the EEOC's practice of advising the charging party that he or she could request a right-to-sue letter improperly led to an indefinite extension of the 90-day limitation period. But that ruling was "prospective only from the date of this decision plus 90 days so that it will first apply to actions brought in this circuit on and after April 11, 1977." 544 F.2d at 1336. Because the present suit was filed before that date, invalidation of the "Two-Step" procedure does not affect our decision here
 
 
 [2]
 Lumberjack asks the court to reconsider Page. It urges that Page has the effect of extending jurisdictional time limitations even in face of a determination that sufficient statutory notice has been given the complaining party. Whatever merit this argument may have, we are bound by Page and Zambuto. See, White v. Dallas Indep. School District, 581 F.2d 556, 563-564 (5th Cir. 1978) (en banc) (Hill, J., concurring and dissenting)