Barbara L. WILLIAMS,
Plaintiff-Appellant,

v.

WESTERN ELECTRIC COMPANY,
Defendant-Appellee.

No. 77–3324.

United States Court of Appeals,
Fifth Circuit.

June 9, 1980.

Jack D. Warner, Theodore R. Gibson, II, Miami, Fla., for plaintiff-appellant.

Joseph Z. Fleming, Miami, Fla., for defendant-appellee.

Before JONES, BROWN and RUBIN, Circuit Judges.

PER CURIAM:

The appellant, Barbara L. Williams, a black woman, had been an employee of the appellee, Western Electric Company, at its shop in Miami, Florida. She was discharged on May 31, 1974. On August 31, 1976, she brought an action in the United States District Court for the Southern District of Florida against Western Electric asserting that the discharge was racially motivated and wrongful. She sought reinstatement, back pay, damages and other relief. Western Electric moved to dismiss on the ground that the claim was barred by the Florida Statute of Limitations. The statute provided that "An action to recover wages or overtime or damages or penalties concerning payment of wages and overtime" shall be brought within two years. Fla.Stat. § 95.11(4)(c).

The disposition of this appeal is controlled by the decision of this Court in *Cutliff v. Greyhound Lines, Inc.,* 5th Cir. 1977, 558 F.2d 803.[1] There it was held that the Florida Statute of Limitations relating to wages is applicable in actions such as this. That statute required actions to be brought with-

in one year, the period of the statute then in force. *See also Johnson v. Goodyear Tire and Rubber Co.,* 5th Cir. 1974, 491 F.2d 1364. It follows therefore that the judgment of the district court should be and it is AFFIRMED.

---

[1] We are aware of the prior decisions in *Page v. U. S. Industries, Inc.,* 5th Cir. 1977, 556 F.2d 346, and *Ingram v. Steven Robert Corp.,* 5th Cir. 1977, 547 F.2d 1260. However we consider ourselves bound by the latest panel decision.