**Bernardina ARNOLD, Plaintiff,**

v.

**DUVAL COUNTY SCHOOL BOARD, a body corporate, Defendant.**

**No. 80–16–Civ–J–B.**

United States District Court,
M.D. Florida,
Jacksonville Division.

Dec. 10, 1981.

William H. Maness, Jacksonville, Fla., for plaintiff.

William L. Allen, Jacksonville, Fla., for defendant.

## OPINION

SUSAN H. BLACK, District Judge.

This cause is before the Court on defendant's Motion for Summary Judgment, filed herein on October 23, 1980. The Court also has for consideration plaintiff's Motion to Strike Affirmative Defenses, filed herein on October 14, 1980, and plaintiff's Motion for Summary Judgment, filed herein on May 13, 1981. These matters were originally scheduled for oral argument on Tuesday, June 9, 1981. However, plaintiff moved for a continuance of oral argument, whereupon it was rescheduled for October 6, 1981. The Court was prepared to hear argument on that date, but neither of the parties appeared at that time. It was subsequently determined that, due to clerical error, notice of the hearing, although prepared and filed on August 13, 1981, had not been mailed to counsel of record. Counsel for both parties have now represented to the Court that they wish to conclude this matter without the benefit of oral argument. Due to the protracted history of this and several related state court cases, the Court will begin its Opinion with a chronological statement of the facts.

This is an action brought under 42 U.S.C. § 1983, arising out of the discharge of a Duval County public school teacher, plaintiff Bernardina Arnold, pursuant to the Duval County Teacher Tenure Act, 1941 Fla. Laws ch. 21197, as amended by 1970 Fla. Laws ch. 70–671, and 1972 Fla.Laws ch. 72–576 (hereinafter "the act"). Defendant herein is the Duval County School Board.

On October 16, 1974, plaintiff filed a Complaint for injunction (hereinafter "injunction action") in the Circuit Court for the Fourth Judicial Circuit, in and for Du-

val County, Florida, to require a hearing prior to termination of her employment by the defendant in accordance with the procedures for review of board action set forth in the act. The injunction issued and the hearing took place before defendant school board on December 2–5, 1974. Plaintiff was discharged by defendant on December 5, 1974. Pursuant to section six (6) of the act, plaintiff then petitioned the circuit court for a writ of certiorari (hereinafter "certiorari action") in order to obtain judicial review of defendant's termination of her employment. The court vacated the action of defendant school board, and the matter was remanded for further proceedings. On appeal by defendant to the First District Court of Appeal, the ruling of the circuit court was affirmed. In an effort to comply with the decision of the circuit court, defendant school board on April 27, 1977, made further findings and entered an order *nunc pro tunc* to December 5, 1974, discharging plaintiff from her employment with the board.

Dissatisfied with the board's *nunc pro tunc* order, plaintiff, rather than moving for certiorari review in the circuit court as provided by the act, chose to reactivate her previously filed injunction action. On August 22, 1977, she secured entry of an order requiring the board to show cause why it should not hold another hearing. However, on appeal by the board, the district court of appeal, on November 21, 1977, held that its previous decision affirming the circuit court in the certiorari action did not mandate another hearing, but only the entry of a proper order by the board. Dissatisfied with this ruling, plaintiff again chose to forego the avenue of certiorari review provided in the act. Plaintiff instead chose to further reactivate her injunction action in the circuit court, seeking relief under an "alternative prayer" appearing in a previously filed motion. The "alternative prayer" was essentially a request for review of the board's *nunc pro tunc* order. On January 31, 1978, the circuit court held that plaintiff's "alternative prayer" was an improper method of seeking review of the board's *nunc pro tunc* order. On September

22, 1978, the district court of appeal affirmed the ruling of the circuit court. The Florida Supreme Court denied certiorari on September 17, 1979.

Plaintiff filed the instant action on January 7, 1980, alleging that the board's failure to grant her a new hearing, as opposed to entering the *nunc pro tunc* order, 1) denied her due process of law; 2) denied her the equal protection of the laws; and 3) was racially motivated and inspired. Plaintiff sought reinstatement of her employment and an award of back pay. Defendant has raised three affirmative defenses, the first two pertaining to the statute of limitations, the third characterized as "res judicata." Because the facts of this case are not in dispute, both parties have now moved for entry of summary judgment.

Defendant urges the Court to grant its Motion for Summary Judgment on several different grounds. The ground which the Court finds dispositive herein involves the applicability *vel non* of the two-year statute of limitations found in Fla.Stat. § 95.11(4)(c) (1979) ("action[s] to recover wages or overtime or damages or penalties concerning payment of wages and overtime"). Defendant argues that § 95.-11(4)(c) should be held to apply to this action, and that it should be held time-barred thereunder. Upon consideration, it appears that the two-year limitations period is indeed, as argued by defendant, applicable to the instant case. *McWilliams v. Escambia County School Board,* 658 F.2d 326 (5th Cir. 1981). *McWilliams* held that § 95.11(4)(c) provides the appropriate time frame for commencement of § 1983 employment discrimination actions, since an employment discrimination case filed in Florida is considered to be a suit for the recovery of wages, even though the plaintiff requests more than just back pay. *Id.* at 658 F.2d at 330; *Cf. Williams v. Western Electric Company,* 618 F.2d 1110, 1111 (5th Cir. 1980) (holding § 95.11(4)(c) generally applicable to employment discrimination cases); *Cutliff v. Greyhound Lines, Inc.,* 558 F.2d 803, 804–05 (5th Cir. 1977) (applying Fla.Stat. § 95.11(7)(b) (1973), the predecessor to

28

§ 95.11(4)(c)). Examination of the Complaint herein reveals that this action is a § 1983 employment discrimination case. It is so characterized by plaintiff in paragraphs 1 and 10 of the Complaint. Plaintiff alleges that she was discharged from her employment as a school teacher by defendant school board on December 5, 1974, and that the discharge was "racially motivated and inspired." See plaintiff's Complaint, pp. 5–6. She seeks an award of back pay and reinstatement of her employment. Upon consideration of these allegations of the Complaint, together with a review of the entire file, the Court concludes that this action falls within the purview of the two-year statute of limitations found in § 95.-11(4)(c).

■ Having determined that the two-year statute applies to this action, the Court must now determine the time from which the period begins to run. This is a matter of federal law. *McWilliams,* 658 F.2d at 330. As noted in *McWilliams,* the limitations period for § 1983 employment discrimination actions commences when the plaintiff knows or reasonably should know that the discriminatory act has occurred. *Id.*

■ The discriminatory act of which plaintiff now complains is the issuance of the April 27, 1977, *nunc pro tunc* order. Plaintiff argues, however, that her cause of action did not accrue until September 17, 1979, when the Supreme Court of Florida denied a petition for certiorari in one of her related state court actions. Although it is true that the applicable statute of limitations may be tolled for a period commencing when plaintiff files proper and timely proceedings for review in state court, see *Mizell v. North Broward Hospital District,* 427 F.2d 468, 474 (5th Cir. 1970), it appears that plaintiff received final adjudication of the instant claim in state court long before September 17, 1979.

■ After entry of the *nunc pro tunc* order, plaintiff pursued several state court remedies, none of which complied with the procedures for judicial review of board action which are outlined in the Duval County Teacher Tenure Act. By November 21, 1977, plaintiff had been informed by the district court of appeal that she was not entitled, under the terms of its previous order, to another hearing before the board. Plaintiff should have, at this point, filed the appropriate petition for certiorari review of the *nunc pro tunc* order in the circuit court. (She could have, and arguably should have, filed such a petition immediately upon issuance of the April 27, 1977, *nunc pro tunc* order.) Because plaintiff failed to institute the appropriate procedures for review of the instant matter in the state court at the appropriate time, the statute of limitations cannot be deemed to have been tolled for any period after November 21, 1977. Because this action was not filed until January 7, 1980, it is barred under the two-year limitations period set forth in Fla.Stat. § 95.11(4)(c), and summary judgment must be rendered against plaintiff.

■ The Court notes in further support of its holding herein that plaintiff's petition for certiorari review of the board's first order demonstrates that plaintiff was well aware of the appropriate procedures for review of school board action. Thus, compliance with those procedures upon issuance of the board's second order would not have placed an undue or onerous burden on plaintiff. In addition, the circuit court's reversal of the board's initial action demonstrates that, contrary to plaintiff's allegations, her rights were receiving adequate protection in the state courts. There is every indication that they would have continued to receive such protection if she had continued to avail herself of the remedies and procedures for review provided by the state in a timely and proper fashion. She cannot now be heard to complain that the avenues of review afforded her by the state were insufficient when the record indicates that they were operating to provide adequate due process until she chose to abandon them. Thus, it appears that there is yet another reason which would necessitate dismissal of this action even if it were not presently before the Court on cross motions for summary judgment. By failing to prop-

erly seek review of the *nunc pro tunc* order in the circuit court, plaintiff failed to exhaust available state remedies as required by *Patsy v. Florida International University,* 634 F.2d 900 (5th Cir. 1981). Therefore, the Court will by separate order on this date grant defendant's Motion for Summary Judgment, filed herein on October 23, 1980, and deny plaintiff's Motion for Summary Judgment, filed herein on May 13, 1981. By the terms of this Opinion, it appears that plaintiff's Motion to Strike Affirmative Defenses, filed herein on October 14, 1980, is now moot. Accordingly, it will be denied.