CIACCIO, Judge.
Plaintiffs, Sterling Doucette, Sterling Doucette Builders, Inc. and Louis Butler, appeal from two judgments of the district court maintaining defendants’ exceptions of no cause of action and prescription, dismissing their suit against the defendants. We affirm.
In July of 1986, the Louisiana Legislature enacted Act 309 authorizing the Audubon Park Commission to acquire riverfront property in New Orleans for the purpose of constructing and operating the Aquarium *601 of the Americas. Pursuant to the legislation, the Audubon Park Commission established a minority business enterprise plan to assist and encourage minority business participation in the construction of the project. Audubon Park Commission appointed Clarence Williams as the minority business coordinator for the Aquarium project.
On April 21, 1988, the Commission accepted bids for the construction of the Aquarium and the Riverfront Park. As the lowest bidder, Woodrow Wilson Construction Company, Inc., (hereinafter Woodrow Wilson), and the Commission entered into a contract on May 25, 1985 for the construction of the project. Shortly thereafter, Woodrow Wilson executed two subcontracts with plaintiff, Sterling Dou-cette Builders, Inc., totalling five million dollars for the furnishing of labor and materials for the concrete work on the Aquarium project.
The contract between Woodrow Wilson and the Audubon Park Commission expressly provided that all subcontractors employed in the construction of the Aquarium project with contracts exceeding one hundred thousand dollars “must be bonded by a good and solvent surety.” Plaintiffs allege in their petition that despite this requirement Sterling Doucette Builders entered into an agreement with Woodrow Wilson allowing Doucette to commence work under the subcontract even though it was unable to secure the bond.
In the fall of 1988, Sterling Doucette Builders fell behind on work schedules due to financial problems. Plaintiffs were unable to meet their payroll, material and supply costs, thus resulting in several liens against the Aquarium project. On December 29, 1988, Woodrow Wilson demanded that plaintiffs pay the lien holders within seven days or its subcontracts would be terminated. On January 6, 1989, Woodrow Wilson terminated its subcontracts with plaintiffs for their failure to comply with their obligations under the contracts.
On September 28, 1990, Sterling Dou-cette Builders, its president and owner, Sterling Doucette, and Louis Butler, its vice-president and a part owner, filed suit against the Audubon Park Commission; Clarence Williams; Mayor Sidney Barthele-my; Woodrow Wilson Construction Company; its vice-president, W. Kurt Wilson; The Travelers Insurance Company, the liability and bonding carrier of Woodrow Wilson; and Mayeaux and Larrowe, Inc., the bonding agent for Woodrow Wilson.
In their petition seeking general and punitive damages, plaintiffs assert a claim for breach of contract, alleging Woodrow Wilson and Kurt Wilson breached the subcontract and engaged in other wrongful acts making Doucette’s performance under the subcontract impossible. Plaintiffs also allege that the defendants violated their civil rights under 42 U.S.C. Section 1981.
On November 8, 1990 defendants, Audubon Park Commission, Clarence Williams and Mayor Barthelemy filed exceptions of no cause of action and prescription. In a judgment rendered on December 27, 1990 the trial court maintained the exceptions of no cause of action and prescription. In its reasons for judgment the trial court stated:
This Court, after a careful review of the pleadings and memoranda, found that plaintiffs’ petition set forth no cause of action for which relief could be granted to plaintiffs under the law. There is no privity of contract between the plaintiffs and the exceptors and no duty which was owed by the exceptors to plaintiffs which was breached; therefore, plaintiffs have no cause of action in contract. Plaintiffs did not allege nor show any legal connection between exceptors and the damages claimed. Plaintiffs also failed to state a cause of action in tort and even if they had stated such a cause of action, which they did not, any action in tort prescribed under Louisiana Civil Code article 3492.
The trial court also rendered a judgment on March 11, 1991, maintaining exceptions of prescription and no right of action which were filed on behalf of Travelers and May-eaux and Larrowe. Plaintiffs appeal from these two trial court judgments.
On appeal, plaintiffs argue that the trial court erred in concluding that their petition fails to state a cause of action *602 under 42 U.S.C. Section 1981. They further argue that the trial court erred in finding that their contractual claims had prescribed. Pretermitting the issue of whether plaintiffs have stated a cause of action under 42 U.S.C. Section 1981, we conclude that any causes of action plaintiffs may have against the defendants have prescribed.
42 U.S.C. Section 1981 provides that:
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
Because section 1981 states no prescriptive period, the Court in Page v. U.S. Industries, Inc., 556 F.2d 346 (1977) looked to the applicable state statutes of limitation and concluded that “actions giving rise to section 1981 claims are proscribed by the one-year provision of Louisiana Civil Code art. 3586”.[1] The court in Page found that Louisiana Law characterized an action alleging discrimination on the basis of race in violation of section 1981 as “one sounding in tort — i.e., an ‘offense or quasi-offense.' ”, citing LSA-C.C. art. 3536. 556 F.2d at 352.
In the instant case, plaintiffs allege in their petition that they entered into two subcontracts with Woodrow Wilson on May 26, 1988 and that these contracts were terminated by Woodrow Wilson on January 6, 1989. However, plaintiffs did not file their petition until September 28, 1990, more than one year from the date of the termination of the contracts. Clearly, any claims plaintiffs may have against the defendants based on 42 U.S.C. Section 1981 have prescribed.
Plaintiffs argue on appeal that claims against the defendants for breach of contract are governed by a ten-year prescriptive period as provided in LSA-C.C. art. 3499. They also argue that a subcontractor’s suit against a contractor is subject to a ten year prescriptive period.
A review of plaintiffs’ petition shows that it does not allege that any contractual relationships existed between the plaintiffs and the defendants, Audubon Park Commission, Clarence Williams, Mayor Barthe-lemy, Travelers Insurance Company or Mayeaux and Larrowe. Nor does the petition allege that these defendants entered into a contractual relationship with Woodrow Wilson, which established a legal obligation owed by the defendants to the plaintiffs. Failing to allege that a contractual relationship existed between the plaintiffs and any of the defendants other than Woodrow Wilson, plaintiffs have not stated a cause of action for breach of contract against these defendants which would arguably be governed by a ten-year statute of limitations.
It should be noted that defendant Travelers was sued in two capacities, as liability insurer for the general contractor and as the bonding company which issued the Public Works Act bond for the Aquarium project. On February 28, 1991, plaintiffs voluntarily dismissed all claims against Travelers in its capacity as liability insurer after Travelers had established that it had not issued any liability policies to Woodrow Wilson during the relevant time periods. Thus, any cause of action plaintiffs may have against Travelers arises in its capacity as surety for the general contractor pursuant to the Public Works Act, L.S.A.-R.S. 38:2241 et seq.
Under the act, the payment bond guarantees only payment for labor performed and materials furnished directly to the construction project. R.S. 38:2241(0) expressly provides that “[sjureties and contractors executing payment bonds for public works contracts under this Part shall be immune from liability for payment of any claims *603 not required by this Part.” In their pleadings, plaintiffs have not alleged any claims against Travelers in its capacity as a surety for payment of labor performed and/or materials furnished on the Aquarium project. Any cause of action plaintiffs have asserted against Travelers is in tort and governed by a one-year prescriptive period and, therefore, has prescribed.
Accordingly, for the foregoing reasons we find the trial court did not err in maintaining defendants exceptions of prescription. The trial court judgments rendered on December 27, 1990 and March 11, 1991 dismissing plaintiffs’ suit against defendants Audubon Park Commission, Clarence Williams, Sidney Barthelemy, Travelers Insurance Company and Mayeaux and Lar-rowe are hereby affirmed.
AFFIRMED.

. Articles 3533 to 3542 of the Civil Code of 1870 were vacated by the amendment and re-enactment of Chapter 4 of Title XXIV of Book III of the Civil Code by Acts 1983, No. 173, effective January 1, 1984. The substance of Article 3536(1) of the Civil Code of 1870 has been replaced by present Civil Code Article 3492.